# UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF COLORADO

Case No.: 20-cv-00627-NYW-MDB

**MONICA ACOSTA,**

     Plaintiff,

v.

**PUEBLO SCHOOL DISTRICT NO. 60, and**
**JONATHAN DEHN, in his individual capacity**

     Defendants.

---

## STIPULATED JURY INSTRUCTIONS

---

1

## STIPULATED INSTRUCTION NO. 1
### <u>INTRODUCTION TO THE CASE AND THE TRIAL STRUCTURE</u>

During jury selection and the trial you have heard or will hear me use a few terms that you may not have heard before. I will briefly explain them to you. If there are other terms you don't recognize, please let me know and I will explain them. The party who brings a lawsuit is called the plaintiff. In this case, the plaintiff is Monica Acosta ("Ms. Acosta"). The party against whom the lawsuit is brought is called the defendant. In this case, the defendants are Jonathan Dehn ("Mr. Dehn") and Pueblo School District No. 60, which often will be called "the School District" or "District."

Sometimes I will refer to the lawyers as "counsel"; that's just another way of saying lawyer or attorney.

Mr./Ms. _____, who is in charge of taking care of you, is my courtroom deputy. Also in the courtroom is my court reporter, who is making stenographic notes of everything that is said, and my law clerk, who assists me in legal matters.

Now I will briefly tell you what this case is about.  The parties' positions are as follows:

<u>Plaintiff</u>:

Ms. Acosta, a schoolteacher, asserts that her employment contract with the Defendant School District was nonrenewed in 2018 in retaliation for her speech and activities in support of the teachers' strike that took place in the School District in 2018. Ms. Acosta asserts that, by nonrenewing her contract, the School District violated the amnesty clause in the agreement negotiated between the School District and the teachers' union after the strike ended. Ms. Acosta also asserts that  her former principal, Defendant Jonathan Dehn, violated the freedom of speech and freedom of association clauses of the U.S. Constitution by recommending and pushing forward

Ms. Acosta's name for nonrenewal in retaliation for her speech and activities in support of the strike.

<u>Defendants</u>:

The School District and Mr. Dehn deny that Ms. Acosta's First Amendment rights to freedom of speech and association were violated, and they assert that Ms. Acosta's nonrenewal of her probationary teacher contract was for legitimate reasons unrelated to the teachers' strike, and that they would have taken the same employment actions against Ms. Acosta regardless of her participation in the May 7, 2018 teachers' strike.   The School District further denies that the "amnesty clause" of the collective bargaining agreement was breached.   The School District and Mr. Dehn also deny that Ms. Acosta is entitled to any damages against them and/or that she failed to mitigate her damages she may have incurred.

The first step in the trial of this case is the selection of jurors. The second step is my reading of the instructions. Then come the opening statements. What is said in the opening statements is not evidence. It is a road map to show what lies ahead and what the evidence will be. After the opening statements, Ms. Acosta will present evidence to support her claim and the Defendants' lawyers may cross-examine her witnesses. After Ms. Acosta's evidence, the School District and Mr. Dehn may present their evidence and Ms. Acosta's lawyers may cross-examine their witnesses. Ms. Acosta may then present what is known as rebuttal evidence to counter the School District's and Mr. Dehn's evidence.

After the evidence is presented, the parties' lawyers will make closing arguments explaining what they think the evidence has shown. What is said in the closing arguments is also not evidence.

Once all of these steps are finished, I will read the instructions to be used in deciding the verdict, and you will go to deliberate.

A jury is the judge of the facts in the case—that means you listen to the evidence in the case and apply to that evidence the law as I give it to you. That's the short and simple description of what the job is. The essential requirement for a fair trial is that you decide the case based on all the evidence and the law presented at trial, and only the evidence and law presented at trial.

So, from now until when you are permanently excused from this case, you should not talk about it with any witness, the parties, any of the lawyers, or anyone else at all. Do not read or watch any news reports about this case, including on the internet or any other electronic media. You must not gather, or attempt to gather, any information or otherwise investigate this case or anything related to it.

You should also know that no one who is employed need be concerned about how your employer might react to your service on a jury during trial. There is a federal law that forbids any discrimination of any kind against anyone on account of jury service. If you need a note for your employer, please inform the jury coordinator or my courtroom deputy, and one will be provided to you. [1]

---

[1] Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 1.0 (May 2021) (modified).

**STIPULATED INSTRUCTION NO. 2**
**INTRODUCTION TO INSTRUCTIONS AND PROCEDURES FOR TRIAL**

In any trial, there are, in effect, two judges. I am one of the judges; you are the other. I am the judge of the law. You, as jurors, are the judges of the facts.

It is my duty to direct the trial and decide what evidence is proper for you to consider. When I reject evidence, I am saying that evidence may not legally be considered by you. I am not telling you what is true or not true. In explaining the law that you must follow, I will first give you some general instructions that apply in every case. Then, I will give you some specific laws that apply to this case, and finally, I will explain the procedures you should follow when deciding your verdicts. These instructions will be given to you for use during the trial.

As judges of the facts, you must determine the facts from the evidence presented. The evidence consists of the testimony of witnesses, documents and other things allowed into the record as exhibits, and any facts to which Ms. Acosta, the School District, and Mr. Dehn agree or I say must be accepted as true. You are to consider all the evidence received in this trial and only that evidence. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

At times during the trial, a lawyer may object to a question asked by another lawyer or to an answer by a witness. This means the lawyer is requesting that I make a decision on a specific law. Do not conclude anything from any objections or my rulings on the objections. When I "sustain" an objection, I am ruling that evidence cannot be presented or considered. When you hear that I have "overruled" an objection, I am allowing that evidence to be presented or considered. If I "sustain" an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I "overrule" the objection, the witness will be allowed to answer the question, and you should treat it as any other

answer.  If I tell you not to consider a particular statement, you may not refer to that statement in your discussions.

When I say "admitted into evidence" or "received into evidence," I mean that the statement or exhibit may be considered by you in making the decisions you must make at the end of the case. I am not indicating in any way that you must accept it, but only that you may consider it.  If I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

I may have to interrupt the trial at times to confer with the attorneys about the law that should apply.  We may talk briefly at the bench.  But, if our discussion takes more time, I will excuse you from the courtroom.  I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because our talks can often save time in the end.

During the course of the trial, I may ask a question of a witness or an attorney.  If I do, that does not mean I have any opinion about the facts in the case.  I am only trying to bring out facts that you may consider.  From time to time during the trial, I may also direct your attention to one of these instructions.

Ordinarily, the attorneys will show you all the legally allowed evidence that is necessary for you to reach your verdicts.  However, in rare situations, a juror may have a question that is very important for considering a necessary element of the case.  In that situation, the juror may write out a question and give it to the courtroom deputy at the next recess.  I will then consider that question with the lawyers.  If it is a proper and necessary question, it will be asked.  If it is not, I will tell you why and explain why you cannot consider what the answer to the question might be.  Please remember that responding to your notes takes time and effort.  I usually have to talk

the issue over with the attorneys, consider their arguments, and decide the correct answer.  In some cases, we might have to do additional research.

If you would like to take notes during the trial, you may.  On the other hand, you do not have to take notes.  If you decide to take notes, be careful not to get so involved in note taking that you become distracted.  Remember that your notes will not necessarily reflect exactly what was said, so you should only use your notes as memory aids.  You should not rely on your notes over your independent memory of the evidence.  You should also not be unduly influenced by the notes of other jurors.  If you do take notes leave them in the jury room at night and do not discuss their contents until I send you to decide the verdict at the end of the trial.

Although the court reporter is making stenographic notes of everything that is said, you will not have a typewritten copy of the testimony to use during your discussions.  Any exhibits admitted at trial, though, will be available to you at that time.

You may not discuss the evidence in this case with each other until you have gone to the jury room to make your decision at the end of the trial.  It is important that you wait until all the evidence is presented and you have again heard my instructions before you discuss the case with each other.  In other words, keep an open mind and form no opinions until you can consider all the evidence and the instructions together.

During the trial, you will receive all the evidence you legally may consider to decide the case.  Gathering any information on your own that you think might be helpful in this case is against the law and violates your oath.  Do not do any outside reading on this case, even including dictionaries or a bible, do not attempt to visit any places mentioned in the case, and do not in any other way try to learn about the case outside the courtroom.  Part of my job is to protect you from outside influences.  Your job is to limit your decisions to what happens in this courtroom.

I wish I did not have to spend so much time on this topic, but recent events around the United States and recent technologies require me to point out that some common practices and habits many of you enjoy are strictly forbidden for you as jurors.  You may not, under any circumstances, have your cell phones, smart phones or the like on when court is in session. Whether you are here or away from the court during recess you may not Google, tweet, text message, blog, post or anything else with those devices about anything to do with this case.  If anyone does, it could cause a mistrial, meaning all of our efforts would have been wasted and we would have to start all over again with a new trial before a new jury.  If you were to cause a mistrial by violating these orders, you could have to pay all the costs of this trial and perhaps be punished for contempt of court.  What you may do is advise anyone who needs to know, such as family members, employers, employees, schools, teachers, or daycare providers that you are a juror in a case and the judge has ordered you not to discuss it until you have reached a verdict and been discharged from the case.  At that point you will be free to discuss this case or search for any information about it to your heart's delight.

Fairness to all concerned requires that all of us connected with this case deal with the same information and with nothing other than the same information.  The reason for this is that justice requires a full and public understanding of the basis for any verdict.  If you follow these instructions, no one has the right to challenge your decisions and any criticism of your service as a juror will not be tolerated.[2]

---

[2] Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 1.1 (May 2021).

**STIPULATED INSTRUCTION NO. 3**
**DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts.  But in figuring out what actually happened, it is your sworn duty to follow all of the law as I explain it to you.

You may not ignore or give special attention to any one instruction or question the wisdom or correctness of any rule I tell you about.  You must not substitute or follow your own idea or opinion as to what the law is or should be.  It is your duty to apply the law as I explain it to you, regardless of the result.  In your discussions you must make sure that no one else on the jury ignores the instructions or attempts to decide the case on anything other than the law that is given to you by me and the evidence that has been presented in this trial.

In your discussions you must make sure that no one else on the jury ignores the instructions or attempts to decide the case on anything other than the law that is given to you by me and the evidence that has been presented in this trial.  You must remember that we are all committed to equal justice under the law.  Matters of race, religious belief, color, nationality, gender, and sexual orientation have no place in this process.  To the best of your ability, you are to judge others as you would want others to judge you under the law I give you.  The very heart of justice is that all apply the same law to the same evidence and leave our personal desires out of it.  You should not read into these instructions or anything else I say or do as a suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict only on the evidence, without prejudice or sympathy.  That is the promise you make and the oath you take. [3]

---

[3] Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 1.2 (May 2021).

**STIPULATED INSTRUCTION NO. 4**
**EVIDENCE – GENERAL**

You must make your decision based only on the evidence that you see and hear here in court.  Do not let rumors, guesses, or anything else that you may have seen or heard outside of court influence your decision in any way.  You, and you alone, are the judges of the facts.

You will hear the evidence, decide what the facts are, and then apply those facts to the law I give you.  That is how you will reach your verdict.  You will decide what the facts are from the evidence that the parties will present to you during the trial.  That evidence will include the sworn testimony of witnesses on both direct and cross-examination, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept as true.

The following things are not evidence and you must not consider them as evidence in deciding the facts of this case:

1.      The fact that Ms. Acosta filed this lawsuit is not evidence that the School District or Mr. Dehn violated the law.  Similarly, the fact that the School District and Mr. Dehn deny Ms. Acosta's allegations is not evidence that they did not violate the law.  Both the complaint and the denial are merely the formal way in which the case is brought to court for you to decide.

2.      Statements and arguments by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

3.      Questions and objections by the lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

4.      The lawyers may highlight parts of some exhibits.  While the exhibit is evidence, the highlights are not.  It is for you to determine the significance of the highlighted parts.

5.      Testimony that I do not allow or that I instruct you to disregard is not evidence and must not be considered by you.

6.      Anything you may see or hear when the Court is not in session is not evidence, even if what you see or hear is done or said by one of the parties or by one of the witnesses.

During the trial, I may not let you hear the answers to some of the questions that lawyers ask.  I may also rule that you cannot see some of the exhibits that the lawyers want you to see. And sometimes I may order you to ignore things that you saw or heard.  I may "strike" things from the record, which means you cannot consider that piece of evidence.  Do not even think about it. Do not guess what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.[4]

---

[4] Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 1.3 (May 2021).

**STIPULATED INSTRUCTION NO. 5**
**EVIDENCE—DIRECT AND CIRCUMSTANTIAL—INFERENCES**

Generally speaking, there are two types of evidence. One is direct evidence, and the other is circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But the combined facts about the umbrella and the raincoat make it reasonable for you to "infer" that it had begun raining.

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience. "Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude you should.[5]

---

[5] Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 1.4 (May 2021) (modified); 3 Fed Jury Prac & Instr. (6th ed.), §104:20.

## STIPULATED INSTRUCTION NO. 6
## <u>CREDIBILITY OF WITNESSES</u>

In deciding the facts of this case, you will have to decide which witnesses to believe and which witnesses not to believe.  You are the only judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  You should think about the testimony of each witness you hear and decide whether you believe all or part of what each witness has to say and how important that testimony is.  In making that decision, I suggest that you ask yourself a few questions: Did the witness seem to be honest?  Did the witness have any reason not to tell the truth?  Did the witness have a personal interest in the outcome of this case?  Did the witness have any relationship with either Plaintiff or the defense?  Did the witness have a good memory?  Did the witness clearly see or hear the things about which he or she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?

Furthermore, is there evidence that the witness said or did something in the past or failed to say or do something in the past that was different from their testimony given at the trial? When weighing the conflicting testimony, you should consider whether the conflict has to do with a significant fact or with an unimportant detail.  And you should keep in mind that an innocent failure to remember is not uncommon. People may forget some things or remember other things inaccurately.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately.  If a witness is shown to knowingly to have testified falsely about any material matter, you have a right to distrust such witness' testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.  An act or omission is "knowingly"

done if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

If you believe that any witness has been discredited, you may give the testimony of that witness such credibility, if any, you think it deserves. [6]

---

[6] Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 1.6 (May 2021)(modified); Pattern Civ. Jury Instr. 5th Cir. § 2.11 (2020) (modified); 3 Fed Jury Prac. & Instr. (6th ed.), § 105:04 (modified).

**STIPULATED INSTRUCTION NO. 7**
**<u>EQUALITY OF PARTIES</u>**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A governmental entity, such as a school district, is entitled to the same fair trial as a private individual. All persons, including private individuals and school districts, and other organizations stand equal before the law, and are to be treated as equals.[7]

---

[7] 3 Fed. Jury Prac. & Instr. (6th ed.) § 103:12 (modified).

**STIPULATED INSTRUCTION NO. 8**
**NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.[8]

---

[8] 3 Fed Jury Prac. & Instr. (6th ed.), § 104:54.

**STIPULATED INSTRUCTION NO. 9**
**<u>BURDEN OF PROOF</u>**

This is a civil, rather than criminal, case and therefore the Ms. Acosta has the burden of proving her claims by what is called a preponderance of the evidence. "By a preponderance of the evidence" means that no matter who produces the evidence, when you consider the claims of Ms. Acosta in light of all the facts, you believe that Ms. Acosta's claims are more likely true than not true. To put it differently, if you were to put all of the evidence in favor of Ms. Acosta and all of the evidence in favor of the School District and Mr. Dehn on opposite sides of the scale, Ms. Acosta would have to make the scale tip to her side. If Ms. Acosta fails to meet this burden, your verdict must be for the School District and Mr. Dehn.

You may have heard of the term "proof beyond a reasonable doubt." That is s stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

In evaluating whether Ms. Acosta has met her burden on her claims, you should also know that the law does not require parties to call as witnesses all persons who may have been involved in the case or who may appear to have some knowledge of the issues brought up in this trial. Nor does the law require parties to present as exhibits all papers or other things mentioned in the evidence in the case.[9]

---

[9] Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 1.10 (May 2021) (modified).

## STIPULATED INSTRUCTION NO. 10
## <u>STIPULATED FACTS</u>

Before the trial of this case, the Court held a conference with the lawyers for both of the parties. At this conference, the parties entered into certain stipulations of facts, which means the parties agreed that the following facts can be taken as true without further proof.

1.      The School District is a Colorado public school district duly constituted and existing pursuant to applicable Colorado laws. The offices of the  School District are located in the City and County of Pueblo, State of Colorado.

2.      The School District employed Ms. Acosta for the 2016-17 and 2017-18 school years.

3.      Throughout her employment with the District, Ms. Acosta was a probationary teacher as defined by C.R.S. § 22-63-103(7) subject to nonrenewal provisions of C.R.S. § 22-63-203(3)-(4).

4.      Ms. Acosta worked at Beulah Heights Elementary both years she was employed by the School District.

5.      The Principal of Beulah Heights Elementary when Ms. Acosta worked there was Jonathan Dehn.

6.      Lisa Horton completed Ms. Acosta's performance evaluations both years that she (Acosta) worked at Beulah Heights Elementary.

7.      Ms. Acosta's supervisor at Beulah Heights Elementary was Jonathan Dehn.

8.      Pueblo Education Association ("PEA") and the School District's Board of Education ("Board") are parties to a collective bargaining agreement ("CBA").

**STIPULATED INSTRUCTION NO. 11**
**SECTION 1983 CLAIM AGAINST DEFENDANT JONATHAN DEHN FOR FIRST**
**AMENDMENT RETALIATION: <u>NOMINAL DAMAGES</u>**


If you find in favor of Ms. Acosta on her First Amendment Retaliation claim against Mr.

Dehn, but you find Ms. Acosta's damages have no monetary value, then you must return a verdict

for Ms. Acosta in the nominal amount of one dollar.[10]

---

[10] O'Malley, Grenig & Lee, 3B Fed. Jury Prac. & Instr. § 168:61 (6th ed. 2023) (modified).

**STIPULATED INSTRUCTION NO. 12**
**BREACH OF CONTRACT CLAIM AGAINST DEFENDANT PUEBLO SCHOOL**
**DISTRICT NO. 60: <u>THIRD-PARTY BENEFICIARY</u>**

Ms. Acosta, as a beneficiary of the Collective Bargaining Agreement, may enforce the agreement between Defendant Pueblo School District No. 60 and Pueblo Education Association, even if Ms. Acosta was not named in the contract.  Ms. Acosta is a third-party beneficiary of the contract when the parties to the agreement intend that Ms. Acosta directly benefit from the contract.

The parties have agreed that Ms. Acosta was a third-party beneficiary of the Collective Bargaining Agreement between Pueblo School District No. 60 and the Pueblo Education Association, and that she may enforce its provisions.  You must accept this fact as true.[11]

---

[11] CJI-Civ. 30:9 (2022) (modified).

**STIPULATED INSTRUCTION NO. 13**
**BREACH OF CONTRACT CLAIM AGAINST DEFENDANT PUEBLO SCHOOL**
**DISTRICT NO. 60: <u>BREACH OF CONTRACT DEFINED</u>**

A breach of contract is the failure to perform a contractual promise when performance is

due.[12]

---

[12] CJI-Civ. 30:11 (2022).

**STIPULATED INSTRUCTION NO. 14**
**PROHIBITION AGAINST DUPLICATIVE RECOVERY**

You must not award damages more than once for the same injury. For example, if Ms. Acosta prevails on both her claims and establishes a dollar amount for her lost wages, employment benefits, and/or other monetary damages, you must not award her duplicative damages for the same injury on her First Amendment retaliation claim and breach of contract claim. Ms. Acosta is only entitled to be made whole once and may not recover more than she has lost.

As Ms. Acosta is not seeking emotional distress damages for her breach of contract claim against the School District and only seeks them against Mr. Dehn for her First Amendment Retaliation claim, there is no danger of duplicating Ms. Acosta's emotional damages. [13]

---

[13] *See* N. Am. Specialty Ins. Co. v. Britt Paulk Ins. Agency, Inc., 579 F.3d 1106, 1113 (10th Cir. 2009); *see also* O'Malley, Grenig, & Lee, Fed. Jury. Prac. & Instr. Civil Comp HB § 12:5.

## STIPULATED INSTRUCTION NO. 15
## <u>GENERAL FINAL INSTRUCTIONS</u>

Now that you have heard the evidence and the parties' arguments, it is your duty to find the facts from all the evidence in the case.  And to those facts, you must apply and follow the laws contained in these instructions, whether you agree with them or not.  If there is any difference between the law stated by the lawyers and the law in these instructions, you are governed by my instructions.  You must follow all of these instructions and not single out some and ignore others; they are all equally important.  The decision you reach by applying the law in these instructions to the facts as you find them is called a verdict.

You must not read into these instructions or into anything I say or do any suggestions as to what verdict you should return. Your verdict is a matter entirely for you to decide.  You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, bias, or public opinion.  All parties expect that you will carefully consider all the evidence, follow the law in these instructions, and reach a just verdict, regardless of the consequences.  You have taken an oath promising to do so.[14]

---

[14] Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 4.0 (May 2021).

## STIPULATED INSTRUCTION NO. 16
### JURY—PROCEDURES

In a moment, you will be taken to the jury room so you can begin your discussions on the verdict.  You will have a copy of the instructions and verdict form, and any exhibits I allowed will also be in the jury room for you to review.  The original exhibits are a part of the court record.  Do not place any marks or notes on them.  Your copy of the instructions may be marked or used in any way you see fit.

When you go to the jury room, you must choose one of you to serve as your Presiding Juror.  He or she will direct your discussions and speak for you here in court.  You will then talk about the case with your fellow jurors to try to reach an agreement.  Your verdict must be unanimous, meaning you must all completely agree.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it with the other jurors, and listened to their views.  I offer some suggestions on how you might do this in the next jury instruction, entitled "Jury Deliberations."

One thing you should do in your discussions is to follow these jury instructions and the verdict form.  Not only will you be more productive if you understand the legal standards, but for a verdict to be valid, you must follow the instructions during your discussions.  Remember, you are judges of the facts, but you have to obey your oath to follow the law stated in these instructions.  Your talks will be secret.  You will never have to explain your verdict to anyone. [15]

---

[15] Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 4.1 (May 2021).

**STIPULATED INSTRUCTION NO. 17**
**JURY DELIBERATIONS**

Once you have elected your Presiding Juror as directed by the previous instruction, you can move forward as you agree you should. I am not telling you how to proceed, but I offer the following suggestions that other juries have found helpful. They should help you move forward in an orderly way with each juror fully taking part so that you can arrive at a verdict that is satisfactory to each of you.

First, it is the responsibility of the Presiding Juror to encourage good communication and participation by all jurors and to maintain fairness and order. Your Presiding Juror should be able to make your discussions useful even when jurors cannot agree.

Second, the Presiding Juror should let each of you speak and be heard before stating his or her own views.

Third, the Presiding Juror should not try to promote or permit anyone else to promote his or her personal opinions by pressuring, intimidating, or bullying others.

Fourth, the Presiding Juror should make certain that discussions are not rushed to reach a conclusion.

If the Presiding Juror you select does not meet these standards, he or she should voluntarily step down or should be replaced by a majority vote.

After you select a Presiding Juror you should think about choosing a secretary to tally the votes, help keep track of who has or hasn't spoken on each issue, to make sure everyone is there during the discussions, and to otherwise help the Presiding Juror.

Some juries are tempted to start by holding a preliminary vote on the case to "see where we stand." It is better, however, not to vote until a full discussion is had on the issue, otherwise you might lock yourself into a certain view before thinking about the other and possibly more

27

reasonable interpretations of the evidence. Experience has also shown that such early votes often cause disruptive, inefficient debate and ineffective decision-making.

Instead, I suggest the Presiding Juror begin your discussions by getting you to create informal rules for how you will proceed. These rules should assure that you will focus on, analyze, and evaluate the evidence fairly and efficiently and that each of your views is heard and considered before any decisions are made. No one should be ignored. You may agree to discuss the case in the order of the questions presented in the special verdict form or in chronological order or based on the testimony of each witness. Whatever order you select, however, it is advisable to be consistent and not jump from one topic to another.

To move the process along in the event you reach a controversial issue, it is wise to pass it temporarily and move on to less controversial ones and then come back to it. You should then continue through each issue in the order you have agreed upon unless a majority of you agrees to change the order.

It is helpful for votes to be taken by secret ballot, as it helps you to focus on the issues and not be overly influenced by others. Each of you should also consider any disagreement you have with another juror or jurors as an opportunity to improve your decision. You should treat each other with respect. Any differences in your views should be discussed calmly and, if a break is needed for that purpose, it should be taken. As I mentioned at the beginning of this trial, each of you is responsible for making sure that no juror bases a decision on matters that are not evidence.

Each of you should listen attentively and openly to one another before making any judgment. This is sometimes called "active listening" and it means that you should not listen with only one ear while thinking about a response. Only after you have heard and understood what the other person is saying should you think about a response.

Obviously, this means that, unlike TV talk shows, you should try very hard not to interrupt. If one of you is going on and on, it is the Presiding Juror who should suggest that the point has been made and it is time to hear from someone else.

You each have a right to your own opinion, but you should be open to others. When you focus your attention and best listening skills, others will feel respected and, even while they may disagree, they will respect you. It helps if you are open to the possibility that you might be wrong or at least that you might change your mind about some issues after listening to other views.

Not understanding each other can hurt your efforts. Ask for clarification if you do not understand or if you think others are not talking about the same thing. From time to time the Presiding Juror should set out the items on which you agree and those on which you have not yet agreed. In the rare case that a juror is not following the Court's instructions or complying with the juror's oath, the Presiding Juror should alert the Court by sending a note as explained in Instruction No. ____.

Even with all your efforts, it is still possible that there may be serious disagreements. In that happens, realize and accept that "getting stuck" is often part of the decision-making process. It is easy to fall into the trap of believing that there is something wrong with someone who is not ready to move on. Thinking that way is not helpful. It can lead to focusing on personalities rather than the issues. It is best to be patient with one another. At such times, slower is usually faster. There is a tendency to set deadlines and try to force decisions. Taking a break or more time, however, often helps shorten the overall process.

Every once in a while, it is a good idea for you all to express your mutual respect for each other and to repeat your commitment to work through any differences. Then, you will most likely decide a verdict that leaves each of you satisfied that you achieved justice.[16]

---

[16] Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 4.2 (May 2021).

## STIPULATED INSTRUCTION NO. 18
## COMMUNICATIONS WITH JUDGE

If it becomes necessary during your discussions to communicate with me, you may send a folded note through the Court Security Officer, signed by one of you. Do not reveal the content of your note to the Court Security Officer. No member of the jury should try to communicate with me except by signed writing; and I will only communicate with any member of the jury on anything concerning the case in writing or orally here in open court. You should never reveal to me, the Court Security Officer, or anyone else not on the jury where you stand or what your vote might be until after you have reached your verdict or I have let you go. If you send a note to me with a question or request for further direction, please think about how a response takes a lot of time and effort. Before giving an answer or direction I must first tell the attorneys and bring them back to the court. I must discuss the note with them, listen to arguments, research the law, if necessary, and reduce the answer or direction to writing.

There may be some question that, under the law, I am not permitted to answer. If I cannot answer the question, I will tell you that. Please do not guess about what the answer to your question might be or why I am not able to answer a particular question.

In some instances jurors request that certain testimony be read to them. This cannot be done as it is inappropriate for the court to single out testimony. You must rely on your own memory.[17]

---

[17] Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 4.3 (May 2021).

**STIPULATED INSTRUCTION NO. 19**
**UNANIMOUS AGREEMENT AND JURY VERDICT FORM**

To help you, we have given you each copies of a document called a Jury Verdict Form. After you reach a verdict, the Presiding Juror will mark the answers agreed to by each and every juror in the spaces on the Original Jury Verdict Form. You must reach unanimous agreement on each question you answer on the Form.

Once you have completed the Original Jury Verdict Form, the Presiding Juror should date the Form, sign it, and then the rest of you should sign it. When you are done, the Presiding Juror should tell the Court Security Officer who is outside the jury room that you have reached a verdict, but do not tell the Court Security Officer what your verdict is. The Court Security Officer will then inform me that you have reached a verdict.[18]

4882-3571-2079, v. 1

---

[18] Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 4.4 (May 2021).