# UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF COLORADO

Case No.: 20-cv-00627-NYW-MDB

**MONICA ACOSTA,**
    Plaintiff,

v.

**PUEBLO SCHOOL DISTRICT NO. 60, and**
**JONATHAN DEHN, in his individual capacity**
    Defendants.

---

## PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

---

2

# INSTRUCTION NO. 1
## EXPERT WITNESSES

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become an expert in some art, science, profession, or calling. Expert witnesses state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

**Authority**

3 Fed Jury Prac. & Instr. (6th ed.), §1054:40

## INSTRUCTION NO. 2

### Freedom of Speech and Association

Ms. Acosta alleges that Defendant Jonathan Dehn violated her freedom of speech and freedom of association guaranteed by the First Amendment to the United States Constitution. Freedom of speech and freedom of association protect the right of public employees to speak out and engage in activities with others concerning issues of public concern. In order for Ms. Acosta to prevail on her claim that she was retaliated against in violation of her First Amendment rights, Ms. Acosta must prove by a preponderance of the evidence that her speech and/or activities related to the strike were a substantial or motivating factor in Defendant Dehn's decision to recommend her for and push her name forward for nonrenewal of her employment contract.

If you find that Ms. Acosta has failed to prove this claim by a preponderance of the evidence, then you must find against her on this claim and in favor of Defendant Dehn.

If you find that Ms. Acosta has proved retaliation by a preponderance of the evidence, you may still find for the Defendant Dehn if you find that he has proved that he would have taken the same action against Ms. Acosta even in the absence of the protected speech or activities.

**Authority:**

Faculty of Federal Advocates ("FFA"), *Model Employment Law Jury Instructions* (2013), p. 53 (modified).

*Brammer-Hoelter v. Twin Pks Charter Academy,* 492 F3d 1192, 1202-03 (10th Cir 2007). See also *Garcetti v. Ceballos*, 547 US 410 (2006).

# INSTRUCTION NO. 3

## Elements of Retaliation Claim Against Defendant Dehn

To establish a claim of retaliation against Defendant Dehn, Ms. Acosta must prove that:

1. Ms. Acosta's engaged in protected activity. The Court has decided that plaintiff's speech and activities related to the strike constitute protected activity;

2. Defendant Dehn took an action that a reasonable employee would have found materially adverse. The Court has decided that the nonrenewal of plaintiff's employment contract is an action that a reasonable employee would have found materially adverse;

3. Defendant would <u>not</u> have decided to nonrenew plaintiff's employment contract but for Ms. Acosta's protected activity.

Because the Court has already found that Plaintiff has proven the first two elements, you must focus on the third element. If you find that Ms. Acosta has proven the third element by a preponderance of the evidence, then you must find for Ms. Acosta and against Defendant Dehn on this claim. If, on the other hand, you find that Ms. Acosta has failed to prove the third element by a preponderance of the evidence, then you must find against her on this claim and in favor of Defendant Dehn.

### Authority

FFA, *Model Employment Law Jury Instructions* (2013), p. 48 (modified).

*Kelly v. City of Albuquerque*, 542 F3d 802, 821 (10th Cir. 2008)(whether a plaintiff engaged in protected activity is a legal question for the court.); *Morales-Vallellanes v. Potter*, 605 F3d 27,33 (1st Cir. 2010)(whether there was a materially adverse action is a legal question for the court.); see also *Tepperwien v. Entergy Nuclear Operations, Inc.,* 606 FSupp. 2d 427, 443 (S.D.N.Y.2009).

# INSTRUCTION NO. 4
## Motivating Factor

In order to prove Ms. Acosta's employer would not have taken the challenged employment decision but for Plaintiff's protected activity, Plaintiff does not need to show that her protected activity was the sole motivating factor in the employment decision. Instead, an employer may be held liable for retaliation even if other factors contributed to the employer making the challenged decision, so long as retaliation was a factor that made a difference.

### Authority

FFA, *Model Employment Law Jury Instructions* (2013), p. 52.
*Gross v. FBL Finan. Servs., Inc.,* 557 US 167 (2009);
*Jones v. Okla. City Pub. Schs.*, 617 F3d 1277-78 (10th Cir 2010); *Hazen Paper Co. v. Biggins*, 507 US 604, 610 (1993).

## INSTRUCTION NO. 5

### Unlawful Motive

Although Ms. Acosta must prove that Defendant Jonathan Dehn was motivated by her constitutionally protected activity or speech, she is not required to produce direct proof of unlawful motive, intent or design. A motive, intent or design to violate a person's constitutional rights, if it exists, is seldom admitted directly. Consequently, you may infer such a motive from the existence of other facts.

### Authority

Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions- Civil*, 4th Edition, 2000 Pocket Part, Section 103.17 (modified); *Missouri National Education Association v. New Madrid County R-1 School District*, 810 F.2d 164 (8th Cir. 1987).

# INSTRUCTION NO. 6
## Pretext

Plaintiff claims that the Defendants' stated reason(s) for nonrenewing plaintiff's contract is/are not the true reason(s), but instead is/are a pretext, an excuse to cover up for retaliation. If you do not believe [one or more of] the reasons the Defendants offered for the nonrenewal, then you may, but are not required to, infer that retaliation was a factor that made a difference in the decision. Ms. Acosta need not disprove every reason stated by the Defendants in order to prove pretext.

Ms. Acosta's may show that the Defendants' stated reason(s) for its decision is/are pretextual, not the true reason(s) in any of several ways. Some examples of ways, although these are not the only ways, in which you may determine that defendants' stated reason(s) are pretext are:

Evidence that [any one of] the Defendant's stated reason(s) for the decision is false, contradictory, or implausible;

Evidence that the decision to nonrenew Plaintiff's contract is closely related in time to Plaintiff's speech and activities in support of the strike.

Evidence that  Defendant acted contrary to a written or unwritten School District policy or an established School District practice when deciding to non-renew Ms. Acosta's employment contract;

Evidence that the defendant did not uniformly follow its own procedures;

Evidence that the defendant exhibited disturbing procedural irregularities in recommending nonrenewal and in deciding to nonrenew Ms. Acosta's employment contract.

Evidence that the decision to nonrenew Ms. Acosta's contract is closely related in time to plaintiff's speech and activities in support of the strike;

Evidence that the defendant gave one reason for its decision at or near the time of the decision and later gave a different reason;

If you find pretext, you may, but are not required to infer that retaliation was a factor that made a difference in the decision to nonrenew plaintiff's employment contract.

**Authority**

FFA, *Model Employment Law Jury Instructions* (2013), p. 56 (modified).

*Townsend v. Lumberman's Mut. Cas. Co.* 294 F3d 1232, 1241 (10th Cir 2002); *Kendrick v. Penske Transp. Servs, Inc;* 220 F3d 1220, 1230 (10th Cir 2000); *Tyler v. Re/Max Mtn. States, Inc*. 232 F3d 808, 813 (10th Cir. 2000); *Mohammed v. Callaway*, 698 F2d 395 (10th Cir. 1983); *Annett v. Univ. of Kan.,* 371 F3d 1233 (10th Cir. 2004); *Love v. Re/Max of Am., Inc.* 738 F2d 383, 386 (10th Cir 1984).

# INSTRUCTION NO. 7
## **Temporal Proximity**

A retaliatory motive may be inferred when a defendant's adverse action, such as employment contract renewal, closely follows a plaintiff's First Amendment protected speech or activities. A short time period, such as six weeks or less, may be sufficient, standing alone, to show a retaliatory motive.

## **Authority**

*Anderson v. Coors Brewing Co.,* 181 E3d 1171, 1179 (10th Cir. 1999); *Foster v. Mtn. Coal Co., LLC,* 830 F3d 1178 (10th Cir. 2016); *Benz v. Crowley Maritime Corp.,* 731 Fed Appx 794, 801 (11th Cir. 2018); *Gosby v. Apache Indus. Servs., Inc.,* 30 F4th 523, 527 (5th Cir. 2022).

## INSTRUCTION NO. 8

## Damages for First Amendment Retaliation Claim

If you find Defendant Jonathan Dehn unlawfully retaliated against plaintiff for her speech or activities in support of the teachers' strike, then you must determine the amount of damages that plaintiff sustained, if any.

You are to award plaintiff an amount equal to the pay plaintiff would have received from the School District had plaintiff not been nonrenewed from the time that plaintiff was nonrenewed until the date of trial.

You should deduct from this sum whatever wages plaintiff has obtained from other employment during this period.

**Authority**

3C Fed. Jury Prac. & Instr. (6th ed.), § 173.70.

# INSTRUCTION NO. 9
## Mitigation

Plaintiff is required to make reasonable efforts to minimize damages. In this case, the defendants claim that plaintiff failed to minimize damages because she failed to use reasonable efforts to find employment after her contract nonrenewal.

It is the defendants' burden to prove that plaintiff failed to make reasonable efforts to minimize her damages. This defense is proven if you find by a preponderance of the evidence that:

1. There were substantially comparable positions which plaintiff could have discovered and for which plaintiff was qualified; and

2. Plaintiff failed to use reasonable diligence to find suitable employment. "Reasonable diligence" does not require that plaintiff be successful in obtaining employment, but only that she make a good faith effort at seeking employment.

If Defendant has proven the above, then you must deduct from any award of back pay the amount of pay plaintiff could have earned with reasonable effort.

### Authority

FFA, *Model Employment Law Jury Instructions* (2013), p. 62.

*Miller v. Marsh*, 766 F2d 490,493 (11th Cir. 1985); *Taylor v. Safeway Stores, Inc*., 524 E2d 263; 267-268 (10th Cir. 1975); *Aguinaga v. United Food & Com. Workers' Intern*., 993 F2d 1463, 1474 (10th Cir. 1993); citing 510 US 1072 (1994); *EEOC v. Sandia Corp.,* 639 F2d 600, 627 (10th Cir. 1980).

## INSTRUCTION NO. 10

### First Amendment Retaliation Claim Mental and Emotional Distress

A damage award to Ms. Acosta should also compensate her for any mental or emotional distress that she suffered as a result of Defendant Jonathan Dehn's actions.

Where mental or emotional distress is proven, the Court cannot give you any rule by which to measure the specific amount of damages resulting from such an injury. This is a matter that is left to the conscience, good sense and sound judgment of the jury. You should not act unreasonably through bias, passion or sympathy, but should exercise common sense and fix an amount of damages that, in accordance with the evidence and the law, will fairly compensate Ms. Acosta for all the injuries, if any, that she suffered.

### Authority

Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions- Civil*, 4th Edition, 2000 Pocket Part, Section 103.21 (excerpted).

## INSTRUCTION NO. 11
### Individual Public Employee

Under Colorado law, a public entity, such as the Defendant School District, is liable for the costs of defense of, and the payment of all judgments against, any of its public employees, so long as the claim arises out of an act of omission of the public employee occurring during the performance of his/her duties and within the scope of his/her employment. The only exception to this rule is when the public employee's act or omission is willful and wanton.

### Authority

C.R.S. §24-10-110 (1)(a)(b).

# INSTRUCTION NO. 12

## Elements of Liability Breach of Contract Claim

For Ms. Acosta to recover from the Defendant School District on her claim of breach of contract, you must find both of the following have been proved by a preponderance of evidence:

1. The Defendant School District entered into a contract with the teachers' union for the benefit of Ms. Acosta and other School District teachers; and

2. The defendant failed to comply with the amnesty clause in that agreement.

If you find that either of these two statements has not been proved, then your verdict must be for the Defendant School District.

On the other hand, if you find that both of these statements have been proved, then your verdict must be for Ms. Acosta.

**Authority**

Colorado Jury Instructions, Civil, § 30:11 (modified).

# INSTRUCTION NO. 13

## Interpretation of Collective Bargaining Agreement

Words or phrases not defined in a contract should be given their plain, ordinary, and generally accepted meanings.

### Authority

Colorado Jury Instructions, Civil, § 30:33.

## INSTRUCTION NO. 14

## BREACH OF CONTRACT CLAIM AGAINST DEFENDANT PUEBLO SCHOOL DISTRICT NO. 60: <u>DAMAGES—GENERAL</u>

**Stipulated:**

If you find in favor of Plaintiff Monica Acosta on her claim for breach of contract, then you must award general or nominal damages.

To award general damages, you must find by a preponderance of the evidence that Ms. Acosta had damages as a result of the breach, and you must determine the amount of those damages.

"General damages" means the amount required to compensate Ms. Acosta for losses that are the natural and probable consequence of the School District's breach of the contract.

Losses that are a "natural" result of a breach are those losses that an ordinary person of common experience would expect to follow from a breach.

Losses are "probable" if the losses were reasonably foreseeable when the contract was made and would likely occur if the contract were breached.

If general damages have been proved, you shall award Ms. Acosta damages for:

**Plaintiff's Proposed:**

1. An amount equal to the pay Ms. Acosta would have received from the School District had Ms. Acosta contract not been nonrenewed from the time that her contract was nonrenewed until the date of trial. You should deduct from this sum whatever wages Ms. Acosta has earned from other employment or could have earned with reasonable mitigation efforts, during this period.

If you find in favor of Ms. Acosta, but do not find any general damages, you shall award the Ms. Acosta nominal damages in the sum of one dollar.[1]

---

[1] CJI-Civ. 30:37-38; 30:41 (2022)

## INSTRUCTION NO. 15

### Uncertainty as to Damages

Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount. You should use your best judgment based on the evidence.

### Authority

Colorado Jury Instructions, Civil, § 5;6.