# UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF COLORADO

Case No.: 20-cv-00627-NYW-MDB

**MONICA ACOSTA,**

    Plaintiff,

v.

**PUEBLO SCHOOL DISTRICT NO. 60; and**
**JONATHAN DEHN, in his individual capacity,**

    Defendants.

---

## CONTESTED JURY INSTRUCTIONS

---

### I.  PLAINTIFF'S PROPOSED JURY INSTRUCTIONS OPPOSED BY DEFENDANTS

**PLAINTIFF'S INSTRUCTION NO. ___**

**EXPERT WITNESSES**

**Plaintiff's Proposed Instruction:**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become an expert in some art, science, profession, or calling. Expert witnesses state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

**Plaintiff's Authority**

3 Fed Jury Prac. & Instr. (6th ed.), §1054:40

**Defendant's Proposed Instruction:**

Witnesses are generally limited to testifying about what they saw, heard, felt or other matters relating to the five senses ~~The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions~~. There is an exception to this rule for "expert witnesses." An

2

expert witness is a person who by education and experience has become an expert in some art, science, profession, or calling. Expert witnesses state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

### Defendant's Authority

Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 1.8 (May 2021); F.R.E. 701.

## PLAINTIFF'S INSTRUCTION NO. ___

### Freedom of Speech and Association

**Plaintiff's Proposed Instruction**

Ms. Acosta alleges that Defendant Jonathan Dehn violated her freedom of speech and freedom of association guaranteed by the First Amendment to the United States Constitution. Freedom of speech and freedom of association protect the right of public employees to speak out and engage in activities with others concerning issues of public concern. In order for Ms. Acosta to prevail on her claim that she was retaliated against in violation of her First Amendment rights, Ms. Acosta must prove by a preponderance of the evidence that her speech and/or activities related to the strike were a substantial or motivating factor in Defendant Dehn's decision to recommend her for and push her name forward for nonrenewal of her employment contract.

If you find that Ms. Acosta has failed to prove this claim by a preponderance of the evidence, then you must find against her on this claim and in favor of Defendant Dehn.

If you find that Ms. Acosta has proved retaliation by a preponderance of the evidence, you may still find for the Defendant Dehn if you find that he has proved that he would have taken the same action against Ms. Acosta even in the absence of the protected speech or activities.

### Authority:

Faculty of Federal Advocates ("FFA"), *Model Employment Law Jury Instructions* (2013), p. 53 (modified).

*Brammer-Hoelter v. Twin Pks Charter Academy,* 492 F3d 1192, 1202-03 (10th Cir 2007). See also *Garcetti v. Ceballos*, 547 US 410 (2006).

**Defendants' Proposed Instruction:**

Defendants reject this instruction in its entirety, and they respectfully submit that Defendants' Instruction No. 7 "First Amendment Retaliation: Burden Shifting Elements" clearly,

accurately, and concisely explains the applicable law to the jury.   Pattern Civ. Jury Instr. 9th Cir. § 9.3 (2022) (modified); Pattern Civ. Jury Instr. 5th Cir. § 10.6 (modified); ECF No. 77, p. 5; n.4 (finding that Plaintiff's protected First Amendment activities included public picketing/demonstrating as well as organizing and demonstrating in a public-employee strike); *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1209 (10th Cir. 2007) (stating that when a plaintiff has both freedom of speech and association claims then supports those claims by asserting that she associated in order to discuss the same speech supporting a freedom of speech claim that the analysis of both First Amendment claims are "effectively indistinguishable."); *Couch v. Bd. of Trs. of Mem'l Hosp. of Carbon Cnty.*, 587 F.3d 1223, 1236 (10th Cir. 2009); *Maestas v. Segura*, 416 F.3d 1182, 1188-89 (10th Cir. 2005); *Trant v. Oklahoma*, 754 F.3d 1158, 1167–68 (10th Cir. 2014).

**PLAINTIFF'S INSTRUCTION NO. ___**

**<u>Elements of Retaliation Claim Against Defendant Dehn</u>**

**Plaintiff's Proposed Instruction:**

To establish a claim of retaliation against Defendant Dehn, Ms. Acosta must prove that:

1.    Ms. Acosta's engaged in protected activity. The Court has decided that plaintiff's speech and activities related to the strike constitute protected activity;

2.    Defendant Dehn took an action that a reasonable employee would have found materially adverse. The Court has decided that the nonrenewal of plaintiff's employment contract is an action that a reasonable employee would have found materially adverse;

3.    Defendant would <u>not</u> have decided to nonrenew plaintiff's employment contract but for Ms. Acosta's protected activity.

Because the Court has already found that Plaintiff has proven the first two elements, you must focus on the third element. If you find that Ms. Acosta has proven the third element by a preponderance of the evidence, then you must find for Ms. Acosta and against Defendant Dehn on this claim. If, on the other hand, you find that Ms. Acosta has failed to prove the third element by a preponderance of the evidence, then you must find against her on this claim and in favor of Defendant Dehn.

**Authority**

FFA, *Model Employment Law Jury Instructions* (2013), p. 48 (modified).

*Kelly v. City of Albuquerque*, 542 F3d 802, 821 (10th Cir. 2008)(whether a plaintiff engaged in protected activity is a legal question for the court.); *Morales-Vallellanes v. Potter*, 605 F3d 27,33 (1st Cir. 2010)(whether there was a materially adverse action is a legal question for the court.); see also *Tepperwien v. Entergy Nuclear Operations, Inc.,* 606 FSupp. 2d 427, 443 (S.D.N.Y.2009).

**Defendants' Proposed Instruction:**

Defendants reject this instruction in its entirety, and they respectfully submit that Defendants' Instruction No. 7 "First Amendment Retaliation: Burden Shifting Elements" clearly, accurately, and concisely explains the applicable law to the jury.   Pattern Civ. Jury Instr. 9th Cir. § 9.3 (2022) (modified); Pattern Civ. Jury Instr. 5th Cir. § 10.6 (modified); ECF No. 77, p. 5; n.4 (finding that Plaintiff's protected First Amendment activities included public picketing/demonstrating as well as organizing and demonstrating in a public-employee strike); *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1209 (10th Cir. 2007) (stating that when a plaintiff has both freedom of speech and association claims then supports those claims by asserting that she associated in order to discuss the same speech supporting a freedom of speech claim that the analysis of both First Amendment claims are "effectively indistinguishable."); *Couch v. Bd. of Trs. of Mem'l Hosp. of Carbon Cnty.*, 587 F.3d 1223, 1236 (10th Cir. 2009); *Maestas v. Segura*, 416 F.3d 1182, 1188-89 (10th Cir. 2005); *Trant v. Oklahoma*, 754 F.3d 1158, 1167–68 (10th Cir. 2014).

## PLAINTIFF'S INSTRUCTION NO. ___
### Motivating Factor

**Plaintiff's Proposed Instruction:**

In order to prove Ms. Acosta's employer would not have taken the challenged employment decision but for Plaintiff's protected activity, Plaintiff does not need to show that her protected activity was the sole motivating factor in the employment decision. Instead, an employer may be held liable for retaliation even if other factors contributed to the employer making the challenged decision, so long as retaliation was a factor that made a difference.

### Authority

FFA, *Model Employment Law Jury Instructions* (2013), p. 52.
*Gross v. FBL Finan. Servs., Inc.,* 557 US 167 (2009);
*Jones v. Okla. City Pub. Schs.*, 617 F3d 1277-78 (10th Cir 2010); *Hazen Paper Co. v. Biggins*, 507 US 604, 610 (1993).

**Defendants' Proposed Instruction:**

Defendants reject this instruction in its entirety, and they respectfully submit that Defendants' Instruction No. 7 "First Amendment Retaliation: Burden Shifting Elements" clearly, accurately, and concisely explains the applicable law to the jury.   Pattern Civ. Jury Instr. 9th Cir. § 9.3 (2022) (modified); Pattern Civ. Jury Instr. 5th Cir. § 10.6 (modified); ECF No. 77, p. 5; n.4 (finding that Plaintiff's protected First Amendment activities included public picketing/demonstrating as well as organizing and demonstrating in a public-employee strike); *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1209 (10th Cir. 2007) (stating that when a plaintiff has both freedom of speech and association claims then supports those claims by asserting that she associated in order to discuss the same speech supporting a freedom of speech claim that the analysis of both First Amendment claims are "effectively indistinguishable.");

*Couch v. Bd. of Trs. of Mem'l Hosp. of Carbon Cnty.*, 587 F.3d 1223, 1236 (10th Cir. 2009); *Maestas v. Segura*, 416 F.3d 1182, 1188-89 (10th Cir. 2005); *Trant v. Oklahoma*, 754 F.3d 1158, 1167–68 (10th Cir. 2014).

**PLAINTIFF'S INSTRUCTION NO. ___**

**<u>Unlawful Motive</u>**

**Plaintiff's Proposed Instruction:**

    Although Ms. Acosta must prove that Defendant Jonathan Dehn was motivated by her constitutionally protected activity or speech, she is not required to produce direct proof of unlawful motive, intent or design. A motive, intent or design to violate a person's constitutional rights, if it exists, is seldom admitted directly. Consequently, you may infer such a motive from the existence of other facts.

**Authority**

Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions- Civil*, 4th Edition, 2000 Pocket Part, Section 103.17 (modified); *Missouri National Education Association v. New Madrid County R-1 School District*, 810 F.2d 164 (8th Cir. 1987).

**Defendants' Proposed Instruction:**

    Defendants reject this instruction in its entirety as: (1) duplicative of the parties' Stipulated Instruction No. 5 "Evidence—Direct and Circumstantial—Inferences" (ECF 114, p. 13-14); (2) unduly prejudicial; and (3) inaccurate statement of applicable law. *Couch v. Bd. of Trs. of Mem'l Hosp. of Carbon Cnty.*, 587 F.3d 1223, 1236 (10th Cir. 2009); *Maestas v. Segura*, 416 F.3d 1182, 1188-89 (10th Cir. 2005); *Trant v. Oklahoma*, 754 F.3d 1158, 1167–68 (10th Cir. 2014).

## PLAINTIFF'S INSTRUCTION NO. ___

### Pretext

**Plaintiff's Proposed Instruction:**

Plaintiff claims that the Defendants' stated reason(s) for nonrenewing plaintiff's contract is/are not the true reason(s), but instead is/are a pretext, an excuse to cover up for retaliation. If you do not believe [one or more of] the reasons the Defendants offered for the nonrenewal, then you may, but are not required to, infer that retaliation was a factor that made a difference in the decision. Ms. Acosta need not disprove every reason stated by the Defendants in order to prove pretext.

Ms. Acosta's may show that the Defendants' stated reason(s) for its decision is/are pretextual, not the true reason(s) in any of several ways. Some examples of ways, although these are not the only ways, in which you may determine that defendants' stated reason(s) are pretext are:

Evidence that [any one of] the Defendant's stated reason(s) for the decision is false, contradictory, or implausible;

Evidence that the decision to nonrenew Plaintiff's contract is closely related in time to Plaintiff's speech and activities in support of the strike.

Evidence that  Defendant acted contrary to a written or unwritten School District policy or an established School District practice when deciding to non-renew Ms. Acosta's employment contract;

Evidence that the defendant did not uniformly follow its own procedures;

Evidence that the defendant exhibited disturbing procedural irregularities in recommending nonrenewal and in deciding to nonrenew Ms. Acosta's employment contract.

Evidence that the decision to nonrenew Ms. Acosta's contract is closely related in time to plaintiff's speech and activities in support of the strike;

Evidence that the defendant gave one reason for its decision at or near the time of the decision and later gave a different reason;

If you find pretext, you may, but are not required to infer that retaliation was a factor that made a difference in the decision to nonrenew plaintiff's employment contract.

### Authority

FFA, *Model Employment Law Jury Instructions* (2013), p. 56 (modified).

*Townsend v. Lumberman's Mut. Cas. Co.* 294 F3d 1232, 1241 (10th Cir 2002); *Kendrick v. Penske Transp. Servs, Inc;* 220 F3d 1220, 1230 (10th Cir 2000); *Tyler v. Re/Max Mtn. States, Inc.* 232 F3d 808, 813 (10th Cir. 2000); *Mohammed v. Callaway*, 698 F2d 395 (10th Cir. 1983); *Annett v. Univ. of Kan.,* 371 F3d 1233 (10th Cir. 2004); *Love v. Re/Max of Am., Inc.* 738 F2d 383, 386 (10th Cir 1984).

### Defendants' Proposed Instruction:

Defendants reject this instruction in its entirety as Plaintiff's use of "pretext" from *McDonnell-Douglas* burden-shifting case law is irrelevant/inapplicable to her present Section 1983 First Amendment retaliation claim.  *Couch v. Bd. of Trs. of Mem'l Hosp. of Carbon Cnty.*, 587 F.3d 1223, 1236 (10th Cir. 2009); *Maestas v. Segura*, 416 F.3d 1182, 1188-89 (10th Cir. 2005); *Trant v. Oklahoma*, 754 F.3d 1158, 1167–68 (10th Cir. 2014).  And even one assumes, *arguendo*, that *McDonnell-Douglas* did apply to her claims, pretext instructions are improper when they incorporate the *McDonnell-Douglas* burden-shifting analysis, which is applicable only to summary judgment and drops out at trial.  *Kendrick v. Penske Transp. Serv. Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2002).

**PLAINTIFF'S INSTRUCTION NO. ___**

**<u>Temporal Proximity</u>**

**Plaintiff's Proposed Instruction:**

A retaliatory motive may be inferred when a defendant's adverse action, such as employment contract renewal, closely follows a plaintiff's First Amendment protected speech or activities. A short time period, such as six weeks or less, may be sufficient, standing alone, to show a retaliatory motive.

**Authority**

*Anderson v. Coors Brewing Co.,* 181 E3d 1171, 1179 (10th Cir. 1999); *Foster v. Mtn. Coal Co., LLC,* 830 F3d 1178 (10th Cir. 2016); *Benz v. Crowley Maritime Corp.,* 731 Fed Appx 794, 801 (11th Cir. 2018); *Gosby v. Apache Indus. Servs., Inc.,* 30 F4th 523, 527 (5th Cir. 2022).

**Defendants' Proposed Instruction:**

Defendants reject this instruction in its entirety because it is inaccurate statement of law and Plaintiff's burden of proof at trial.  All cases Plaintiff's relies upon deal with temporal proximity in relation to creating a genuine issue of material fact at the summary judgment stage, not temporal proximity meeting her burden of proof via a preponderance of the evidence.  In sum, Plaintiff masquerades temporal proximity case law that she can use to meet her burden at the summary judgment stage, but not at trial.

Further, Defendants reject this instruction as it is unreasonably duplicative of the parties' Stipulated Instruction No. 5 "Evidence—Direct and Circumstantial—Inferences"  (ECF 114, p. 13-14) and, as such, it is unduly prejudicial.

**PLAINTIFF'S INSTRUCTION NO. ___**

**<u>Damages for First Amendment Retaliation Claim</u>**

**Plaintiff's Proposed Instruction**

If you find Defendant Jonathan Dehn unlawfully retaliated against plaintiff for her speech or activities in support of the teachers' strike, then you must determine the amount of damages that plaintiff sustained, if any.

You are to award plaintiff an amount equal to the pay plaintiff would have received from the School District had plaintiff not been nonrenewed from the time that plaintiff was nonrenewed until the date of trial.

You should deduct from this sum whatever wages plaintiff has obtained from other employment during this period.

**Authority**

3C Fed. Jury Prac. & Instr. (6th ed.), § 173.70.

**Defendants' Proposed Instruction:**

Defendants reject this instruction in its entirety, and they respectfully submit that Defendants' Instruction No. 8 "First Amendment Retaliation: Compensatory Damages" clearly, accurately, and concisely explains the damages available to Ms. Acosta if she proves this claim. Pattern Civ. Jury Instr. 3rd Cir. § 4.8.1 (2022) (modified); O'Malley, Grenig & Lee, 3B Fed. Jury Prac. & Instr. §§ 168:42 & 168:60 (6th ed. 2023) (modified); *Gansert v. Colorado*, 348 F. Supp. 2d 1215, 1230 (D. Colo. 2004) (collecting cases stating that Section 1983 compensatory damages includes backpay and may be properly submitted to jury, but not equitable remedies front pay or, alternatively, reinstatement); *D.C. v. Hasratian*, 2018 WL 9991275, at *1 (D. Utah Jan. 26, 2018)

14

(articulating the standard for the calculation of back pay and stating that it was a "simple mathematical function.")

Defendants further reject this instruction as legally and factually inaccurate. During the discovery period, Ms. Acosta (and her expert) admitted that she is not seeking future economic damages as of Aug. 2019. *See U.S. v. Gallant,* 537 F.3d 1202, 1233-34 (10th Cir. 2008) (jury instruction that did not fit the facts of the case and would only confuse the trial was properly excluded from trial); Pl.'s Responses to Defs.' Rogs. 3 and 8 (admitting that she was not seeking future lost earnings because her earnings at Elizabeth School District on or about August 2019 "[met] or exceed what I would have earned had I remained employed at by the School District"); Pl's Fed. R. Civ. P. 26(a)(2) Expert Report of Dr. Jane Lillydahl, pp. 3-5 (same); Pl's Dep. at 19:5-23:8 (confirming Elizabeth School District employment history and salary).

### PLAINTIFF'S INSTRUCTION NO. ___
### <u>Mitigation</u>

**Plaintiff's Proposed Instruction:**

Plaintiff is required to make reasonable efforts to minimize damages. In this case, the defendants claim that plaintiff failed to minimize damages because she failed to use reasonable efforts to find employment after her contract nonrenewal.

It is the defendants' burden to prove that plaintiff failed to make reasonable efforts to minimize her damages. This defense is proven if you find by a preponderance of the evidence that:

1.  There were substantially comparable positions which plaintiff could have discovered and for which plaintiff was qualified; and

2.  Plaintiff failed to use reasonable diligence to find suitable employment. "Reasonable diligence" does not require that plaintiff be successful in obtaining employment, but only that she make a good faith effort at seeking employment.

If Defendant has proven the above, then you must deduct from any award of back pay the amount of pay plaintiff could have earned with reasonable effort.

### Authority

FFA, *Model Employment Law Jury Instructions* (2013), p. 62.

*Miller v. Marsh*, 766 F2d 490,493 (11th Cir. 1985); *Taylor v. Safeway Stores, Inc.*, 524 E2d 263; 267-268 (10th Cir. 1975); *Aguinaga v. United Food & Com. Workers' Intern.*, 993 F2d 1463, 1474 (10th Cir. 1993); citing 510 US 1072 (1994); *EEOC v. Sandia Corp.,* 639 F2d 600, 627 (10th Cir. 1980).

**Defendants' Proposed Instruction:**

Defendants reject this instruction in its entirety, and they respectfully submit that Defendants' Instruction No. 11 "Failure to Mitigate Damages" clearly, accurately, and concisely

explains the applicability of Defendants' failure to mitigate defense to both Plaintiff's economic and non-economic damages. Judge Arguello, U.S. District Court of Colorado, Sample Jury Instruction No. 17 (modified); *see also* Pattern Civ. Jury Instr. 3rd Cir. § 4.8.1 (2022).

**PLAINTIFF'S INSTRUCTION NO. ___**

**First Amendment Retaliation Claim Mental and Emotional Distress**

**Plaintiff's Proposed Instruction:**

A damage award to Ms. Acosta should also compensate her for any mental or emotional distress that she suffered as a result of Defendant Jonathan Dehn's actions.

Where mental or emotional distress is proven, the Court cannot give you any rule by which to measure the specific amount of damages resulting from such an injury. This is a matter that is left to the conscience, good sense and sound judgment of the jury. You should not act unreasonably through bias, passion or sympathy, but should exercise common sense and fix an amount of damages that, in accordance with the evidence and the law, will fairly compensate Ms. Acosta for all the injuries, if any, that she suffered.

**Authority**

Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions- Civil*, 4th Edition, 2000 Pocket Part, Section 103.21 (excerpted).

**Defendants' Proposed Instruction:**

Defendants reject this instruction in its entirety, and they respectfully submit that Defendants' Instruction No. 8 "First Amendment Retaliation: Compensatory Damages" clearly, accurately, and concisely explains the damages available to Ms. Acosta if she proves this claim. Pattern Civ. Jury Instr. 3rd Cir. § 4.8.1 (2022) (modified); O'Malley, Grenig & Lee, 3B Fed. Jury Prac. & Instr. §§ 168:42 & 168:60 (6th ed. 2023) (modified).

**PLAINTIFF'S INSTRUCTION NO. ___**

**<u>Individual Public Employee</u>**

**Plaintiff's Proposed Instruction:**

Under Colorado law, a public entity, such as the Defendant School District, is liable for the costs of defense of, and the payment of all judgments against, any of its public employees, so long as the claim arises out of an act of omission of the public employee occurring during the performance of his/her duties and within the scope of his/her employment. The only exception to this rule is when the public employee's act or omission is willful and wanton.

**Authority**

C.R.S. §24-10-110 (1)(a)(b).

**Defendants' Proposed Instruction:**

Defendants reject this instruction in its entirety as it is irrelevant to Plaintiff's Section 1983 claim, and, as such, it is unduly prejudicial.

## PLAINTIFF'S INSTRUCTION NO. ___

### Elements of Liability Breach of Contract Claim

For Ms. Acosta to recover from the Defendant School District on her claim of breach of contract, you must find both of the following have been proved by a preponderance of evidence:

1.      The Defendant School District entered into a contract with the teachers' union for the benefit of Ms. Acosta and other School District teachers; and

2.      The defendant failed to comply with the amnesty clause in that agreement.

If you find that either of these two statements has not been proved, then your verdict must be for the Defendant School District.

On the other hand, if you find that both of these statements have been proved, then your verdict must be for Ms. Acosta.

### Authority

Colorado Jury Instructions, Civil, § 30:11 (modified).

**Defendants' Proposed Instruction:**

Defendants reject this instruction and respectfully submit that Defendants' Instruction No. 9 "Breach of Contract Claim Against Pueblo School District No. 60: Elements of Liability accurately states the law and avoids the risk of inconsistent verdicts for this derivative claim.  CJI-Civ. 30:10 (2022) (modified); ECF No. 77, pp. 18-19.

**PLAINTIFF'S INSTRUCTION NO. ___**

**<u>Interpretation of Collective Bargaining Agreement</u>**

**Plaintiff's Proposed Instruction:**

Words or phrases not defined in a contract should be given their plain, ordinary, and generally accepted meanings.

**Authority**

Colorado Jury Instructions, Civil, § 30:33.


**Defendants' Proposed Instruction:**

Defendants reject this instruction in its entirety as improper.  Contract interpretation is a matter of law, and this instruction cannot be provided until the Court finds that underlying contract is ambiguous, which it has not in this case. *See Ad Two, Inc. v. City & Cty. of Denver ex rel. Mgr. of Aviation*, 9 P.3d 373, 376-77 (Colo. 2000); *see also* "Notes on Use No. 1" to Colorado Jury Instructions, Civil, § 30:33.

PLAINTIFF'S INSTRUCTION NO. ___

**BREACH OF CONTRACT CLAIM AGAINST DEFENDANT PUEBLO SCHOOL DISTRICT NO. 60: <u>DAMAGES—GENERAL</u>**

**Stipulated:**

If you find in favor of Plaintiff Monica Acosta on her claim for breach of contract, then you must award general or nominal damages.

To award general damages, you must find by a preponderance of the evidence that Ms. Acosta had damages as a result of the breach, and you must determine the amount of those damages.

"General damages" means the amount required to compensate Ms. Acosta for losses that are the natural and probable consequence of the School District's breach of the contract.

Losses that are a "natural" result of a breach are those losses that an ordinary person of common experience would expect to follow from a breach.

Losses are "probable" if the losses were reasonably foreseeable when the contract was made and would likely occur if the contract were breached.

If general damages have been proved, you shall award Ms. Acosta damages for:

**Plaintiff's Proposed:**

1.      An amount equal to the pay Ms. Acosta would have received from the School District had Ms. Acosta contract not been nonrenewed from the time that her contract was nonrenewed until the date of trial. You should deduct from this sum whatever wages Ms. Acosta has earned from other employment or could have earned with reasonable mitigation efforts, during this period.

22

If you find in favor of Ms. Acosta, but do not find any general damages, you shall award the Ms. Acosta nominal damages in the sum of one dollar.[1]

**Defendants' Proposed:**

Defendants further reject Plaintiff's proposed language above instruction as legally and factually inaccurate.  During the discovery period, Ms. Acosta (and her expert) admitted that she is not seeking future economic damages as of Aug. 2019. *See U.S. v. Gallant*, 537 F.3d 1202, 1233-34 (10th Cir. 2008) (jury instruction that did not fit the facts of the case and would only confuse the trial was properly excluded from trial); Pl.'s Responses to Defs.' Rogs. 3 and 8 (admitting that she was not seeking future lost earnings because her earnings at Elizabeth School District on or about August 2019 "[met] or exceed what I would have earned had I remained employed at by the School District"); Pl's Fed. R. Civ. P. 26(a)(2) Expert Report of Dr. Jane Lillydahl, pp. 3-5 (same); Pl's Dep. at 19:5-23:8 (confirming Elizabeth School District employment history and salary).

Defendants' submit the following instead:

1.      The reasonable value of any of wages and employment benefits Ms. Acosta has lost from the date of Ms. Acosta's nonrenewal through August 2019, minus the amounts Ms. Acosta has earned from other employment during this period.

2.      The reasonable value of any of Ms. Acosta's other monetary expenses from the date of Ms. Acosta's nonrenewal through August 2019.

---

[1] CJI-Civ. 30:37-38; 30:41 (2022)

### **PLAINTIFF'S** INSTRUCTION NO. ___

**Uncertainty as to Damages**

**Plaintiff's Proposed Instruction with Defendant's Redlines:**

Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount. However, uncertainty as to the cause of damages will bar Plaintiff's recovery. You should use your best judgment based on the evidence.

### **Authority**

Colorado Jury Instructions, Civil, § 5;6; *Ward v. H. B. Zachry Constr. Co.*, 570 F.2d 892, 898 (10th Cir. 1978).

I.    **DEFENDANTS' PROPOSED JURY INSTRUCTIONS OPPOSED BY PLAINTIFF**

**DEFENDANTS' INSTRUCTION NO. 1**
**EXPERT WITNESSES**

~~Witnesses are generally limited to testifying about what they saw, heard, felt or other matters relating to the five senses.  In some situations, however, scientific, technical, or other specialized knowledge may assist you in understanding the evidence or in finding a fact to be true or not true.  A witness who has special knowledge, skill, experience, training, or education, may testify and state his or her opinion based on that background.  When a witness is qualified to express an opinion based on his or her expertise, that witness's background is relevant to the credibility of such opinion.~~

~~You do not have to accept expert opinions.  You should consider opinion testimony just as you consider other testimony in this trial.  Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the reasons given for the opinion, and other evidence in the trial.[2]~~

**Plaintiff's Response to Defendant's Instruction No. 1**: Plaintiff objects to this jury instruction and proposes Plaintiff's Proposed Opposed Jury Instruction No. 1 in the alternative:

**INSTRUCTION NO. 1**
**EXPERT WITNESSES**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become an expert in some art, science, profession,

---

[2] Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 1.8 (May 2021).

or calling. Expert witnesses state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

**Authority**

3 Fed Jury Prac. & Instr. (6th ed.), §1054:40

**DEFENDANTS' INSTRUCTION NO. 2**
**CHARTS AND SUMMARIES**

Charts or summaries that are not received in evidence are known as demonstratives, while charts or summaries that are received in evidence are exhibits.

The only purpose of a demonstrative chart or summary is to help explain the evidence in the case.  The demonstrative is not evidence itself and does not prove any fact.

Some charts or summaries, however, are evidence because they accurately and reliably summarize complex or voluminous evidence in a manner that may assist you in understanding that evidence.  Such a summary or chart exhibit is only as valid and reliable as the underlying evidence it summarizes and is not independent evidence on its subject matter.[3]

**Plaintiff's Response to Defendant's Instruction No. 2:** Plaintiff would agree to the instruction with the third paragraph removed.

---

[3] Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 2.0 (May 2021).

**DEFENDANTS' INSTRUCTION NO. 3**
**PROBATIONARY TEACHER DEFINED**

The parties stipulated that Ms. Acosta was a probationary teacher at Beulah Heights Elementary both years she was employed by the School District as defined by C.R.S. § 22-63-103(7), which states that a probationary teacher "means a teacher who has not completed three consecutive years of demonstrated effectiveness[.]"[4]

**Plaintiff's Response to Defendant's Instruction No. 3:** Plaintiff objects to this jury instruction in its entirety. The Parties explain that it is stipulated that Ms. Acosta was a probationary teacher in Stipulated Jury Instruction No. 10. This jury instruction is duplicative. To further highlight this in its own jury instruction is prejudicial as it unduly highlights this stipulation above others.

---

[4] C.R.S. § 22-63-103(7).

**DEFENDANTS' INSTRUCTION NO. 4**
**<u>NONRENEWAL OF A PROBATIONARY TEACHER'S CONTRACT</u>**

~~The parties stipulated that Ms. Acosta was a probationary teacher at Beulah Heights Elementary during all relevant times in this case whose contract was subject to the nonrenewal provisions of C.R.S. § 22-63-203(3)-(4). You must accept this fact as true. Nonrenewal means the involuntary termination of employment of a probationary teacher by a school district's board of education.~~

~~The relevant nonrenewal portions of C.R.S. § 22-63-203 provide:~~

~~(3) A probationary teacher employed by a school district on a full-time basis shall be deemed to be reemployed for the succeeding academic year … unless the board causes written notice to the contrary to be given to said teacher on or before June 1 of the academic year during which said teacher is employed.~~

~~_____ …~~

~~(4)(a) The chief administrative officer of the employing school district may recommend that the board not renew the employment contract of a probationary teacher for any reason he deems sufficient. If the board, based upon such recommendation, does not renew the employment contract of a probationary teacher, such teacher shall be given a written notice of contract nonrenewal.[5]~~

**Plaintiff's Response to Defendant's Instruction No. 4:** Plaintiff objects to this jury instruction in its entirety. The Parties explain that it is stipulated that Ms. Acosta was a probationary teacher in Stipulated Jury Instruction No. 10. To further highlight this in its own jury instruction is prejudicial as it unduly highlights this stipulation above others. The jury does not need to know the details of the non-renewal statute to decide this case.

---

[5] C.R.S. § 22-63-103(5); C.R.S. § 22-63-203(3)-(4).

## DEFENDANTS' INSTRUCTION NO. 5
## SECTION 1983 CLAIM AGAINST DEFENDANT JONATHAN DEHN IN HIS INDIVIDUAL CAPACITY—INTRODUCTORY INSTRUCTION

~~The law to be applied in this claim is the federal civil rights law, which provides a federal remedy for persons who have been deprived by government employees (including school district employees) of the rights, privileges, and immunities secured by the United States Constitution and federal statutes.~~

~~Section 1983 of Title 42 of the United States Code, the federal civil rights statute under which Ms. Acosta sues, provides that:~~

~~Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.~~

~~Therefore, in order to prevail on her Section 1983 claim against Defendant Jonathan Dehn ("Mr. Dehn"), Ms. Acosta must prove each of the following elements by a preponderance of the evidence:~~

~~1.      Mr. Dehn acted under color of state law; and~~

~~2.      the acts of Mr. Dehn deprived Ms. Acosta of her rights under the United States Constitution as explained in the Instructions ___ below.~~

~~A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. I instruct you that Mr. Dehn acted under color of state law, and you must accept this fact as true.[6]~~

~~_____~~

---

[6] 42 U.S.C. § 1983; Pattern Civ. Jury Instr. 9th Cir. § 9.3 (2022) (modified).

**Plaintiff's Response to Defendant's Instruction No. 5:** Plaintiff objects to this instruction in its entirety. It is unnecessary and unduly to the jury. The jury does not need to decide any of the matters in this instruction because it has been stipulated that Mr. Dehn acted under color of state law. Bullet point 2 is an inaccurate representation of what the jury needs to decide and would be confusing to the jury.

## DEFENDANTS' INSTRUCTION NO. 6
## SECTION 1983 CLAIM AGAINST DEFENDANT JONATHAN DEHN IN HIS INDIVIDUAL CAPACITY—FIRST AMENDMENT GENERALLY

Ms. Acosta asserts that the Mr. Dehn is liable for depriving her of her rights secured under the First Amendment to the Constitution of the United States.

The First Amendment to the Constitution of the United States provides:

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

As such, the First Amendment generally prohibits a government employer from discharging an employee because the employee engaged in relevant protected activities as fully explained in Instruction ____.[7]

**Plaintiff's Response to Defendant's Instruction No. 6:** Plaintiff objects to this instruction in its entirety. This would be unduly confusing to the jury. The jury needs to know that the First Amendment prohibits retaliation for these activities. The exact text language of the Constitution is unnecessary and confusing to the jury.

---

[7] U.S. Const. amend. I; *Heffernan v. City of Paterson, N.J.*, 578 U.S. 266, 268 (2016).

**DEFENDANTS' INSTRUCTION NO. 7**
**SECTION 1983 CLAIM AGAINST DEFENDANT JONATHAN DEHN FOR FIRST**
**AMENDMENT RETALIATION: BURDEN-SHIFTING ELEMENTS**

~~Ms. Acosta claims that Mr. Dehn violated her rights under the First Amendment to the United States Constitution. More specifically, Ms. Acosta claims that Mr. Dehn recommended that her probationary teaching contract be nonrenewed in retaliation for Ms. Acosta's exercise of her First Amendment rights to freedom of speech and association by participation in the May 7, 2018 teachers' strike.~~

~~The First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern. I instruct you that Ms. Acosta's strike-related activity, *i.e.* participation in the May 7, 2018 teachers' strike, were matters of public concern protected by the First Amendment.~~

~~Therefore, at trial, Ms. Acosta must prove by a preponderance of the evidence that:~~

~~1.     She suffered an adverse employment action; and~~

~~2.     Her strike-related activities were a substantial motivating factor in Mr. Dehn's decision to recommend Ms. Acosta's contract be nonrenewed.~~

~~The parties have agreed that Mr. Dehn's recommendation that Ms. Acosta's contract be nonrenewed was an "adverse employment action." You must accept this fact as true.~~

~~As to the second element, to prove that Ms. Acosta's strike-related activities were a substantial motivating factor in Mr. Dehn's recommendation to nonrenew her contract, Ms. Acosta need not show that her strike-related activities were the sole reason for Mr. Dehn's recommendation. Rather, Ms. Acosta must prove by a preponderance of the evidence that her strike-related activities played a substantial part in Mr. Dehn's decision to recommend her nonrenewal.~~

If you find that Ms. Acosta failed to show this element of her claim, your verdict should be for Mr. Dehn.

If, on the other hand, you find that Ms. Acosta has proved this element, the burden then shifts to Mr. Dehn to demonstrate by a preponderance of evidence that he would have reached the same decision in the absence of Ms. Acosta's strike-related activities. In other words, if Mr. Dehn demonstrates that with or without the improper motivation the alleged retaliatory decision would have occurred, you must return a verdict in favor of Mr. Dehn.

If you find that (1) Ms. Acosta has proved the second element of her First Amendment claim and (2) Mr. Dehn failed to prove that he would have reached the same decision anyway, then Mr. Dehn violated Ms. Acosta's First Amendment rights and your verdict must for Ms. Acosta on this claim. If so, you must determine Ms. Acosta's damages, if any, as explained in Instructions ___.[8]

**Plaintiff's Proposed Instruction:** Plaintiff objects to this instruction in its entirety and proposes Plaintiff's Contested Jury Instructions 2 and 3.

## INSTRUCTION NO. 2

### Freedom of Speech and Association

Ms. Acosta alleges that Defendant Jonathan Dehn violated her freedom of speech and freedom of association guaranteed by the First Amendment to the United States Constitution. Freedom of speech and freedom of association protect the right of public employees to speak out and engage in activities with others concerning issues of public concern. In order for Ms. Acosta

---

[8] Pattern Civ. Jury Instr. 9th Cir. § 9.3 (2022) (modified); Pattern Civ. Jury Instr. 5th Cir. § 10.6 (modified); ECF No. 77, p. 5; n.4 (finding that Plaintiff's protected First Amendment activities included public picketing/demonstrating as well as organizing and demonstrating in a public-employee strike); *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1209 (10th Cir. 2007) (stating that when a plaintiff has both freedom of speech and association claims then supports those claims by asserting that she associated in order to discuss the same speech supporting a freedom of speech claim that the analysis of both First Amendment claims are "effectively indistinguishable."); *Couch v. Bd. of Trs. of Mem'l Hosp. of Carbon Cnty.*, 587 F.3d 1223, 1236 (10th Cir. 2009); *Maestas v. Segura*, 416 F.3d 1182, 1188-89 (10th Cir. 2005); *Trant v. Oklahoma*, 754 F.3d 1158, 1167–68 (10th Cir. 2014).

to prevail on her claim that she was retaliated against in violation of her First Amendment rights, Ms. Acosta must prove by a preponderance of the evidence that her speech and/or activities related to the strike were a substantial or motivating factor in Defendant Dehn's decision to recommend her for and push her name forward for nonrenewal of her employment contract.

If you find that Ms. Acosta has failed to prove this claim by a preponderance of the evidence, then you must find against her on this claim and in favor of Defendant Dehn.

If you find that Ms. Acosta has proved retaliation by a preponderance of the evidence, you may still find for the Defendant Dehn if you find that he has proved that he would have taken the same action against Ms. Acosta even in the absence of the protected speech or activities.

### Authority:

Faculty of Federal Advocates ("FFA"), *Model Employment Law Jury Instructions* (2013), p. 53 (modified).

*Brammer-Hoelter v. Twin Pks Charter Academy,* 492 F3d 1192, 1202-03 (10th Cir 2007). See also *Garcetti v. Ceballos*, 547 US 410 (2006).

## INSTRUCTION NO. 3
### <u>Elements of Retaliation Claim Against Defendant Dehn</u>

To establish a claim of retaliation against Defendant Dehn, Ms. Acosta must prove that:

4.     Ms. Acosta's engaged in protected activity. The Court has decided that plaintiff's speech and activities related to the strike constitute protected activity;

5.     Defendant Dehn took an action that a reasonable employee would have found materially adverse. The Court has decided that the nonrenewal of plaintiff's employment contract is an action that a reasonable employee would have found materially adverse;

6.     Defendant would <u>not</u> have decided to nonrenew plaintiff's employment contract but for Ms. Acosta's protected activity.

Because the Court has already found that Plaintiff has proven the first two elements, you must focus on the third element. If you find that Ms. Acosta has proven the third element by a preponderance of the evidence, then you must find for Ms. Acosta and against Defendant Dehn on this claim. If, on the other hand, you find that Ms. Acosta has failed to prove the third element by a preponderance of the evidence, then you must find against her on this claim and in favor of Defendant Dehn.

### Authority

FFA, *Model Employment Law Jury Instructions* (2013), p. 48 (modified).

*Kelly v. City of Albuquerque*, 542 F3d 802, 821 (10th Cir. 2008)(whether a plaintiff engaged in protected activity is a legal question for the court.); *Morales-Vallellanes v. Potter*, 605 F3d 27,33 (1st Cir. 2010)(whether there was a materially adverse action is a legal question for the court.); see also *Tepperwien v. Entergy Nuclear Operations, Inc.,* 606 FSupp. 2d 427, 443 (S.D.N.Y.2009).

**DEFENDANTS' INSTRUCTION NO. 8**
**SECTION 1983 CLAIM AGAINST DEFENDANT JONATHAN DEHN FOR FIRST**
**AMENDMENT RETALIATION: <u>COMPENSATORY DAMAGES</u>**

~~I am now going to instruct you on damages.  If you find for Ms. Acosta on her Section 1983 claim, you must consider the issue of compensatory damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Mr. Dehn should be held liable.  Damages mean the amount of money that will reasonably and fairly compensate Ms. Acosta for any injury she actually sustained as a result of Mr. Dehn's conduct.~~

~~Ms. Acosta has the burden of proving compensatory damages by a preponderance of the evidence.  Ms. Acosta meets her burden should the evidence show that her injuries or damages are proximately caused by Mr. Dehn's recommendation to nonrenew her contract.  This showing is made whenever it appears from the evidence that Mr. Dehn's role in the nonrenewal of Ms. Acosta's contract played a substantial part in bringing about any injury to Ms. Acosta, and that Ms. Acosta's injury or damage was either a direct result or a reasonably foreseeable consequence of Mr. Dehn's act.~~

~~Damages may not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only that evidence.~~

~~You should consider the following elements of damage to the extent you find them~~ ~~proved by a preponderance of the evidence, and no others:~~

~~1.     The reasonable value of any of wages and employment benefits Plaintiff has lost from the date of Plaintiff's nonrenewal through August 2019, minus the amounts Plaintiff has earned from other employment during this period.~~

~~2.     The reasonable value of any of Ms. Acosta's other monetary expenses from the date of Ms. Acosta's nonrenewal through August 2019.~~

37

~~3.     Ms. Acosta's emotional and mental harm during and after the events at issue, including mental anguish and reputational harm.~~

~~The purpose of compensatory damages is to make Ms. Acosta whole — that is, to compensate her for the injuries or damages she has suffered which were proximately caused by Mr. Dehn's act or omission.[9]~~

**Plaintiff's Proposed Instruction:** Plaintiff objects to this instruction in its entirety and proposes Plaintiff's Opposed Jury Instruction 8 and 10 instead. Bullet point number 2 is inaccurate because Plaintiff is not seeking any other monetary damages other than lost wages and employment benefits and emotional harm damages. In the last sentence, Defendant refers to the proximate cause of Plaintiff's damages which will be confusing to the jury and is never mentioned in any other instruction.

## INSTRUCTION NO. 8

### Damages for First Amendment Retaliation Claim

If you find Defendant Jonathan Dehn unlawfully retaliated against plaintiff for her speech or activities in support of the teachers' strike, then you must determine the amount of damages that plaintiff sustained, if any.

You are to award plaintiff an amount equal to the pay plaintiff would have received from the School District had plaintiff not been nonrenewed from the time that plaintiff was nonrenewed until the date of trial.

---

[9] Pattern Civ. Jury Instr. 3rd Cir. § 4.8.1 (2022) (modified); O'Malley, Grenig & Lee, 3B Fed. Jury Prac. & Instr. §§ 168:42 & 168:60 (6th ed. 2023) (modified); *Gansert v. Colorado*, 348 F. Supp. 2d 1215, 1230 (D. Colo. 2004) (collecting cases stating that Section 1983 compensatory damages includes backpay and may be properly submitted to jury, but not equitable remedies front pay or, alternatively, reinstatement); *D.C. v. Hasratian*, 2018 WL 9991275, at *1 (D. Utah Jan. 26, 2018) (articulating the standard for the calculation of back pay and stating that it was a "simple mathematical function"); Pl's Responses to Defs.' Rogs. 3 and 8 (admitting that she was not seeking future lost earnings because her earnings at Elizabeth School District on or about August 2019 "[met] or exceed what I would have earned had I remained employed at by the School District"); Pl's Fed. R. Civ. P. 26(a)(2) Expert Report of Dr. Jane Lillydahl, pp. 3-5 (same); Pl's Dep. at 19:5-23:8 (confirming Elizabeth School District employment history and salary).

You should deduct from this sum whatever wages plaintiff has obtained from other employment during this period.

## Authority

3C Fed. Jury Prac. & Instr. (6th ed.), § 173.70.

## INSTRUCTION NO. 10

### First Amendment Retaliation Claim Mental and Emotional Distress

A damage award to Ms. Acosta should also compensate her for any mental or emotional distress that she suffered as a result of Defendant Jonathan Dehn's actions.

Where mental or emotional distress is proven, the Court cannot give you any rule by which to measure the specific amount of damages resulting from such an injury. This is a matter that is left to the conscience, good sense and sound judgment of the jury. You should not act unreasonably through bias, passion or sympathy, but should exercise common sense and fix an amount of damages that, in accordance with the evidence and the law, will fairly compensate Ms. Acosta for all the injuries, if any, that she suffered.

## Authority

Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions- Civil*, 4th Edition, 2000 Pocket Part, Section 103.21 (excerpted).

**DEFENDANTS' INSTRUCTION NO. 9**
**BREACH OF CONTRACT CLAIM AGAINST DEFENDANT PUEBLO SCHOOL**
**DISTRICT NO. 60: <u>ELEMENTS OF LIABILITY</u>**

For Ms. Acosta to recover from the School District on her second claim for breach of contract, you must find that Ms. Acosta has proved both of the following elements by a preponderance of the evidence:

1.  Defendant Pueblo School District No. 60 entered into a contract with Pueblo Education Association to prohibit and refrain from engaging in retaliation against any School District employee for his or her support for or involvement in the May 7, 2018 teachers' strike; and

2.  Defendant Pueblo School District No. 60 failed to follow this provision when its Board of Education voted to nonrenew Ms. Acosta's probationary teacher's contract.

~~If you find that Mr. Dehn violated Ms. Acosta's First Amendment rights under Instructions ___, you are instructed that you must find that Ms. Acosta met her burden of proof for the second element of this claim.  On the other hand, if you find that Mr. Dehn did not violate Ms. Acosta's First Amendment rights, then you must find that Ms. Acosta failed to meet her burden of proof for the second element of this claim.~~

If you find that either or both of these elements have not been proven by a preponderance of the evidence, then your verdict must be for the School District.

On the other hand, if you find that both of these elements have been proven by a preponderance of the evidence, then your verdict must be for Ms. Acosta.[10]

**Plaintiff's Response to Jury Instruction:** Plaintiff would agree to this jury instruction with the redlined revision. In the alternative, Plaintiff proposes Plaintiff's Opposed Instruction No. 12.

---
[10] CJI-Civ. 30:10 (2022) (modified); ECF No. 77, pp. 18-19.

## INSTRUCTION NO. 12

### <u>Elements of Liability Breach of Contract Claim</u>

For Ms. Acosta to recover from the Defendant School District on her claim of breach of contract, you must find both of the following have been proved by a preponderance of evidence:

3.  The Defendant School District entered into a contract with the teachers' union for the benefit of Ms. Acosta and other School District teachers; and

4.  The defendant failed to comply with the amnesty clause in that agreement.

If you find that either of these two statements has not been proved, then your verdict must be for the Defendant School District.

On the other hand, if you find that both of these statements have been proved, then your verdict must be for Ms. Acosta.

### Authority

Colorado Jury Instructions, Civil, § 30:11 (modified).

## DEFENDANTS' INSTRUCTION NO. 10
## BREACH OF CONTRACT CLAIM AGAINST DEFENDANT PUEBLO SCHOOL
## DISTRICT NO. 60: <u>DAMAGES—GENERAL</u>

If you find in favor of Plaintiff Monica Acosta on her claim for breach of contract, then you must award general or nominal damages.

To award general damages, you must find by a preponderance of the evidence that Ms. Acosta had damages as a result of the breach, and you must determine the amount of those damages.

"General damages" means the amount required to compensate Ms. Acosta for losses that are the natural and probable consequence of the School District's breach of the contract.

Losses that are a "natural" result of a breach are those losses that an ordinary person of common experience would expect to follow from a breach.

Losses are "probable" if the losses were reasonably foreseeable when the contract was made and would likely occur if the contract were breached.

If general damages have been proved, you shall award the Ms. Acosta damages for:

1. ~~The reasonable value of any of wages and employment benefits Ms. Acosta has lost from the date of Ms. Acosta's nonrenewal through August 2019, minus the amounts Ms. Acosta has earned from other employment during this period.~~

2. ~~The reasonable value of any of Ms. Acosta's other monetary expenses from the date of Ms. Acosta's nonrenewal through August 2019.~~

1. An amount equal to the pay Ms. Acosta would have received from the School District had Ms. Acosta's contract not been nonrenewed from the time that her contract was nonrenewed until the date of trial. You should deduct from this sum whatever wages Ms. Acosta has earned from other employment or could have earned with reasonable mitigation efforts, during this period.

If you find in favor of Ms. Acosta, but do not find any general damages, you shall award the Ms. Acosta nominal damages in the sum of one dollar.[11]

---

[11] CJI-Civ. 30:37-38; 30:41 (2022) (modified); Pl's Responses to Defs.' Rogs. 3 and 8 (admitting that she was not seeking future lost earnings because her earnings at Elizabeth School District on or about August 2019 "[met] or

**Plaintiff's Proposed Instruction:** Plaintiff would agree to the instruction with the proposed redline.

---

exceed what I would have earned had I remained employed at by the School District"); Pl's Fed. R. Civ. P. 26(a)(2) Expert Report of Dr. Jane Lillydahl, pp. 3-5 (same); Pl's Dep. at 19:5-23:8 (confirming Elizabeth School District employment history and salary).

**DEFENDANTS' INSTRUCTION NO. 11**
**FAILURE TO MITIGATE DAMAGES**

If you find that Ms. Acosta has had damages, then you must consider whether the School District and Mr. Dehn have proved their affirmative defense of Ms. Acosta's failure to mitigate or minimize damages. Ms. Acosta has a duty under the law to take reasonable steps under the circumstances to mitigate or minimize her damages. Damages, if any, caused by Ms. Acosta's failure to take such reasonable steps cannot be awarded to Ms. Acosta.

This affirmative defense is proved if you find the following two elements have been proven by a preponderance of the evidence:

1. ~~Ms. Acosta failed to take reasonable steps to mitigate or minimize her damages; and~~

2. ~~Ms. Acosta has incurred increased damages because she did not take the reasonable steps to mitigate or minimize her damages.~~

1. There were substantially comparable positions which plaintiff could have discovered and for which plaintiff was qualified; and

2. Plaintiff failed to use reasonable diligence to find suitable employment. "Reasonable diligence" does not require that plaintiff be successful in obtaining employment, but only that she make a good faith effort at seeking employment.

If you find that the School District and Mr. Dehn have proved both of the elements by a preponderance of the evidence, then you must determine the amount of damages caused by Ms. Acosta 's failure to take such reasonable steps. This amount must not be included in your award of damages.

On the other hand, if you find that the School District and Mr. Dehn have not proven one or both of these two elements by a preponderance of the evidence, then you shall make no deduction from Ms. Acosta 's damages.[12]

**Plaintiff's Proposed Instruction:** Plaintiff objects to this instruction. Plaintiff would accept the instruction with the included redlines or in the alternative, proposes Plaintiff's Opposed Instruction No. 9.

## INSTRUCTION NO. 9

### Mitigation

Plaintiff is required to make reasonable efforts to minimize damages. In this case, the defendants claim that plaintiff failed to minimize damages because she failed to use reasonable efforts to find employment after her contract nonrenewal.

It is the defendants' burden to prove that plaintiff failed to make reasonable efforts to minimize her damages. This defense is proven if you find by a preponderance of the evidence that:

1. There were substantially comparable positions which plaintiff could have discovered and for which plaintiff was qualified; and

2. Plaintiff failed to use reasonable diligence to find suitable employment. "Reasonable diligence" does not require that plaintiff be successful in obtaining employment, but only that she make a good faith effort at seeking employment.

If Defendant has proven the above, then you must deduct from any award of back pay the amount of pay plaintiff could have earned with reasonable effort.

---

[12] Judge Arguello, U.S. District Court of Colorado, Sample Jury Instruction No. 17 (modified); s*ee also* Pattern Civ. Jury Instr. 3rd Cir. § 4.8.1 (2022).

**Authority**

FFA, *Model Employment Law Jury Instructions* (2013), p. 62.

*Miller v. Marsh*, 766 F2d 490,493 (11th Cir. 1985); *Taylor v. Safeway Stores, Inc*., 524 E2d 263; 267-268 (10th Cir. 1975); *Aguinaga v. United Food & Com. Workers' Intern*., 993 F2d 1463, 1474 (10th Cir. 1993); citing 510 US 1072 (1994); *EEOC v. Sandia Corp.,* 639 F2d 600, 627 (10th Cir. 1980).