**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 20-cv-00627-NYW-MDB

MONICA ACOSTA,

      Plaintiff,

v.

PUEBLO SCHOOL DISTRICT NO. 60, and
JONATHAN DEHN, in his individual capacity,

      Defendants.

---

## <u>DRAFT</u> PRELIMINARY JURY INSTRUCTIONS

---

**PRELIMINARY INSTRUCTION NO. ___**

**INTRODUCTION TO THE CASE AND THE TRIAL STRUCTURE**

During the trial you will hear me use a few terms that you may not have heard before. I will briefly explain them to you. If there are other terms you don't recognize, please let me know and I will explain them. The party who brings a lawsuit is called the plaintiff. In this case, the plaintiff is Monica Acosta. The party against whom the lawsuit is brought is called the defendant. In this case, the defendants are Jonathan Dehn and Pueblo School District No. 60, which often will be called "the School District" or "District."

Sometimes I will refer to the lawyers as "counsel"; that's just another way of saying lawyer or attorney.

Now I will briefly tell you what this case is about. The parties' positions are as follows:

Plaintiff:

Ms. Acosta, a schoolteacher, asserts that her employment contract with the Defendant School District was nonrenewed in 2018 in retaliation for her speech and activities in support of the teachers' strike that took place in the School District in 2018. Ms. Acosta asserts that, by nonrenewing her contract, the School District violated the amnesty clause in the agreement negotiated between the School District and the teachers' union after the strike ended. Ms. Acosta also asserts that her former principal, Defendant Jonathan Dehn, violated the freedom of speech and freedom of association clauses of the U.S. Constitution by recommending and pushing forward Ms. Acosta's name for nonrenewal in retaliation for her speech and activities in support of the strike.

Defendants:

The School District and Mr. Dehn deny that Ms. Acosta's First Amendment rights to

freedom of speech and association were violated, and they assert that Ms. Acosta's nonrenewal of her probationary teacher contract was for legitimate reasons unrelated to the teachers' strike, and that they would have taken the same employment actions against Ms. Acosta regardless of her participation in the May 7, 2018 teachers' strike.  The School District further denies that the "amnesty clause" of the collective bargaining agreement was breached.  The School District and Mr. Dehn also deny that Ms. Acosta is entitled to any damages against them and/or that she failed to mitigate her damages she may have incurred.

The first step in the trial of this case is the selection of jurors.  The second step is my reading of the instructions.  Then come the opening statements.  What is said in the opening statements is not evidence.  It is a road map to show what lies ahead and what the evidence will be. After the opening statements, Ms. Acosta will present evidence to support her claim and the Defendants' lawyers may cross-examine her witnesses.  After Ms. Acosta's evidence, the School District and Mr. Dehn may present their evidence and Ms. Acosta's lawyers may cross-examine their witnesses.  Ms. Acosta may then present what is known as rebuttal evidence to counter the School District's and Mr. Dehn's evidence.

After the evidence is presented, the parties' lawyers will make closing arguments explaining what they think the evidence has shown.  What is said in the closing arguments is also not evidence.

Once all of these steps are finished, I will read the instructions to be used in deciding the verdict, and you will go to deliberate.

A jury is the judge of the facts in the case—that means you listen to the evidence in the case and apply to that evidence the law as I give it to you.  That's the short and simple description of what the job is.  The essential requirement for a fair trial is that you decide the case based on all

the evidence and the law presented at trial, and only the evidence and law presented at trial.

So, from now until when you are permanently excused from this case, you should not talk about it with any witness, the parties, any of the lawyers, or anyone else at all.  Do not read or watch any news reports about this case, including on the internet or any other electronic media. You must not gather, or attempt to gather, any information or otherwise investigate this case or anything related to it.

You should also know that no one who is employed need be concerned about how your employer might react to your service on a jury during trial.  There is a federal law that forbids any discrimination of any kind against anyone on account of jury service.  If you need a note for your employer, please inform the jury coordinator or my courtroom deputy, and one will be provided to you. [1]

---

[1] Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 1.0 (May 2021) (modified).

**PRELIMINARY INSTRUCTION NO. \_\_\_**

**INTRODUCTION TO INSTRUCTIONS AND PROCEDURES FOR TRIAL**

In any trial, there are, in effect, two judges.  I am one of the judges; you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts.

It is my duty to direct the trial and decide what evidence is proper for you to consider.  When I reject evidence, I am saying that evidence may not legally be considered by you.  I am not telling you what is true or not true.

As judges of the facts, you must determine the facts from the evidence presented.  The evidence consists of the testimony of witnesses, documents and other things allowed into the record as exhibits, and any facts to which Ms. Acosta, the School District, and Mr. Dehn agree or I say must be accepted as true.  You are to consider all the evidence received in this trial and only that evidence.  It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

At times during the trial, a lawyer may object to a question asked by another lawyer or to an answer by a witness.  This means the lawyer is requesting that I make a decision on a specific law.  Do not conclude anything from any objections or my rulings on the objections.  When I "sustain" an objection, I am ruling that evidence cannot be presented or considered.  When you hear that I have "overruled" an objection, I am allowing that evidence to be presented or considered.  If I "sustain" an objection to a question, the witness may not answer it.  Do not attempt to guess what answer might have been given if I had allowed the answer.  If I "overrule" the objection, the witness will be allowed to answer the question, and you should treat it as any other answer.  If I tell you not to consider a particular statement, you may not refer to that statement in your discussions.

When I say "admitted into evidence" or "received into evidence," I mean that the statement or exhibit may be considered by you in making the decisions you must make at the end of the case. I am not indicating in any way that you must accept it, but only that you may consider it. If I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

I may have to interrupt the trial at times to confer with the attorneys about the law that should apply. We may talk briefly at the bench. But, if our discussion takes more time, I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because our talks can often save time in the end.

If you would like to take notes during the trial, you may. On the other hand, you do not have to take notes. If you decide to take notes, be careful not to get so involved in note taking that you become distracted. Remember that your notes will not necessarily reflect exactly what was said, so you should only use your notes as memory aids. You should not rely on your notes over your independent memory of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss their contents until I send you to decide the verdict at the end of the trial.

Although the court reporter is making stenographic notes of everything that is said, you will not have a typewritten copy of the testimony to use during your discussions. Any exhibits admitted at trial, though, will be available to you during your deliberations.

You may not discuss the evidence in this case with each other until you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is presented and you have again heard my instructions before you discuss the case with

6

each other.  In other words, keep an open mind and form no opinions until you can consider all the evidence and the instructions together.

During the trial, you will receive all the evidence you legally may consider to decide the case.  Gathering any information on your own that you think might be helpful in this case is against the law and violates your oath.  Do not do any outside reading on this case, even including dictionaries or a bible, do not attempt to visit any places mentioned in the case, and do not in any other way try to learn about the case outside the courtroom.  Part of my job is to protect you from outside influences.  Your job is to limit your decisions to what happens in this courtroom.

I wish I did not have to spend so much time on this topic, but recent events around the United States and recent technologies require me to point out that some common practices and habits many of you enjoy are strictly forbidden for you as jurors.  You may not, under any circumstances, have your cell phones, smart phones or the like on when court is in session. Whether you are here or away from the court during recess, you may not Google, tweet, text message, blog, post or anything else with those devices about anything to do with this case.  If anyone does, it could cause a mistrial, meaning all of our efforts would have been wasted and we would have to start all over again with a new trial before a new jury.  If you were to cause a mistrial by violating these orders, you could have to pay all the costs of this trial and perhaps be punished for contempt of court.  What you may do is advise anyone who needs to know, such as family members, employers, employees, schools, teachers, or daycare providers that you are a juror in a case and the judge has ordered you not to discuss it until you have reached a verdict and been discharged from the case.  At that point you will be free to discuss this case or search for any information about it to your heart's delight.

Fairness to all concerned requires that all of us connected with this case deal with the same

information and with nothing other than the same information.  The reason for this is that justice requires a full and public understanding of the basis for any verdict.  If you follow these instructions, no one has the right to challenge your decisions and any criticism of your service as a juror will not be tolerated.[2]

---

[2] Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 1.1 (May 2021).

**PRELIMINARY INSTRUCTION NO. ___**

**EVIDENCE – GENERAL**

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, guesses, or anything else that you may have seen or heard outside of court influence your decision in any way. You, and you alone, are the judges of the facts.

You will hear the evidence, decide what the facts are, and then apply those facts to the law I give you. That is how you will reach your verdict. You will decide what the facts are from the evidence that the parties will present to you during the trial. That evidence will include the sworn testimony of witnesses on both direct and cross-examination, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept as true.

The following things are not evidence and you must not consider them as evidence in deciding the facts of this case:

1.      The fact that Ms. Acosta filed this lawsuit is not evidence that the School District or Mr. Dehn violated the law. Similarly, the fact that the School District and Mr. Dehn deny Ms. Acosta's allegations is not evidence that they did not violate the law. Both the complaint and the denial are merely the formal way in which the case is brought to court for you to decide.

2.      Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them,

9

your memory of the facts controls.

3.      Questions and objections by the lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

4.      The lawyers may highlight parts of some exhibits.  While the exhibit is evidence, the highlights are not.  It is for you to determine the significance of the highlighted parts.

5.      Testimony that I do not allow or that I instruct you to disregard is not evidence and must not be considered by you.

6.      Anything you may see or hear when the Court is not in session is not evidence, even if what you see or hear is done or said by one of the parties or by one of the witnesses.

During the trial, I may not let you hear the answers to some of the questions that lawyers ask.  I may also rule that you cannot see some of the exhibits that the lawyers want you to see.  And sometimes I may order you to ignore things that you saw or heard.  I may "strike" things from the record, which means you cannot consider that piece of evidence.  Do not even think about it.  Do not guess what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.[3]

---

[3] Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 1.3 (May 2021).

**PRELIMINARY INSTRUCTION NO. ___**

**EVIDENCE – DIRECT AND CIRCUMSTANTIAL - INFERENCES**

Generally speaking, there are two types of evidence.  One is direct evidence, and the other is circumstantial evidence.

Direct evidence is evidence that proves a fact directly.  For example, where a witness testifies to what he or she saw, heard, or observed, that is direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts.  To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside.  Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But the combined facts about the umbrella and the raincoat make it reasonable for you to "infer" that it had begun raining.

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.  "Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may

11

give them such weight as you conclude you should.[4]

---

[4] Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 1.4 (May 2021) (modified); 3 Fed Jury Prac & Instr. (6th ed.), §104:20.

**PRELIMINARY INSTRUCTION NO. ___**

**CREDIBILITY OF WITNESSES**

In deciding the facts of this case, you will have to decide which witnesses to believe and which witnesses not to believe.  You are the only judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  You should think about the testimony of each witness you hear and decide whether you believe all or part of what each witness has to say and how important that testimony is.  In making that decision, I suggest that you ask yourself a few questions: Did the witness seem to be honest?  Did the witness have any reason not to tell the truth?  Did the witness have a personal interest in the outcome of this case?  Did the witness have any relationship with either Plaintiff or the defense?  Did the witness have a good memory?  Did the witness clearly see or hear the things about which he or she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?

Furthermore, is there evidence that the witness said or did something in the past or failed to say or do something in the past that was different from their testimony given at the trial?  When weighing the conflicting testimony, you should consider whether the conflict has to do with a significant fact or with an unimportant detail.   And you should keep in mind that an innocent failure to remember is not uncommon.  People may forget some things or remember other things inaccurately.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it.  People may forget some things or remember other things inaccurately.  If a witness is shown to knowingly to have testified falsely about any material matter,

13

you have a right to distrust such witness' testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.   An act or omission is "knowingly" done if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

If you believe that any witness has been discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.[5]

---

[5] Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 1.6 (May 2021) (modified); Pattern Civ. Jury Instr. 5th Cir. § 2.11 (2020) (modified); 3 Fed Jury Prac. & Instr. (6th ed.), § 105:04 (modified).

**PRELIMINARY INSTRUCTION NO. ___**

**EQUALITY OF PARTIES**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A governmental entity, such as a school district, is entitled to the same fair trial as a private individual.  All persons, including private individuals and school districts, and other organizations stand equal before the law, and are to be treated as equals.[6]

---

[6] 3 Fed. Jury Prac. & Instr. (6th ed.) § 103:12 (modified).

15

**PRELIMINARY INSTRUCTION NO. ___**

**NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.[7]

---

[7] 3 Fed Jury Prac. & Instr. (6th ed.), § 104:54.

**PRELIMINARY INSTRUCTION NO. ___**

**EXPERT WITNESSES**

Witnesses are generally limited to testifying about what they saw, heard, felt, or other matters relating to the five senses.  There is an exception to this rule for "expert witnesses."  An expert witness is a person who by education and experience has become an expert in some art, science, profession, or calling.  Expert witnesses state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.[8]

---

[8] 3 Fed Jury Prac. & Instr. (6th ed.), §1054:40, Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 1.6 (May 2021).

## PRELIMINARY INSTRUCTION NO. ___

## BURDEN OF PROOF

This is a civil, rather than criminal, case and therefore the Ms. Acosta has the burden of proving her claims by what is called a preponderance of the evidence.  "By a preponderance of the evidence" means that no matter who produces the evidence, when you consider the claims of Ms. Acosta in light of all the facts, you believe that Ms. Acosta's claims are more likely true than not true.  To put it differently, if you were to put all of the evidence in favor of Ms. Acosta and all of the evidence in favor of the School District and Mr. Dehn on opposite sides of the scale, Ms. Acosta would have to make the scale tip to her side.  If Ms. Acosta fails to meet this burden, your verdict must be for the School District and Mr. Dehn.

You may have heard of the term "proof beyond a reasonable doubt."  That is s stricter standard applicable in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.

In evaluating whether Ms. Acosta has met her burden on her claims, you should also know that the law does not require parties to call as witnesses all persons who may have been involved in the case or who may appear to have some knowledge of the issues brought up in this trial.  Nor does the law require parties to present as exhibits all papers or other things mentioned in the evidence in the case.[9]

---

[9] Senior Judge Kane, U.S. District Court of Colorado, Sample Jury Instruction No. 1.10 (May 2021) (modified).

**PRELIMINARY INSTRUCTION NO. ___**

**SCHEDULE**

Trial will begin each day at 9:00 a.m.  We will take a fifteen-minute mid-morning break, a forty-five-minute lunch break, and may take recesses occasionally throughout the day.  During the trial, you will be out of the courtroom for breaks, lunch, and overnight.  You should take your recesses in the jury room.  You may leave the courthouse for the lunch break and at the conclusion of trial each day.