# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Nina Y. Wang

Civil Action No. 20-cv-00627-NYW-MDB

MONICA ACOSTA,

      Plaintiff,

v.

PUEBLO SCHOOL DISTRICT NO. 60, and
JONATHAN DEHN, in his individual capacity,

      Defendants.

---

## FINAL JURY INSTRUCTIONS

---

## INSTRUCTION NO. 1
## GENERAL FINAL INSTRUCTIONS

Now that you have heard the evidence and the parties' arguments, it is your duty to find the facts from all the evidence in the case. And to those facts, you must apply and follow the laws contained in these instructions, whether you agree with them or not. If there is any difference between the law stated by the lawyers and the law in these instructions, you are governed by my instructions. You must follow all of these instructions and not single out some and ignore others; they are all equally important. The decision you reach by applying the law in these instructions to the facts as you find them is called a verdict.

You must not read into these instructions, or into anything I say or do, any suggestions as to what verdict you should return. Your verdict is a matter entirely for you to decide. You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, bias, or public opinion. It is important that you discharge your duties without discrimination, meaning that bias regarding the race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender of the parties, any witnesses, and the lawyers should play no part in the exercise of your judgment. All parties expect that you will carefully consider all the evidence, follow the law in these instructions, and reach a just verdict, regardless of the consequences. You have taken an oath promising to do so.

2

## INSTRUCTION NO. 2

## STIPULATED FACTS

Before the trial of this case, the Court held a conference with the lawyers for both of the parties. At this conference, the parties entered into certain stipulations of facts, which means the parties agreed that the following facts can be taken as true without further proof.

1. The School District is a Colorado public school district duly constituted and existing pursuant to applicable Colorado laws. The offices of the School District are located in the City and County of Pueblo in the State of Colorado.

2. The School District employed Ms. Acosta for the 2016–17 and 2017–18 school years.

3. Throughout her employment with the District, Ms. Acosta was a probationary teacher as defined by C.R.S. § 22-63-103(7) subject to nonrenewal provisions of C.R.S. § 22-63-203(3)-(4).

4. Ms. Acosta worked at Beulah Heights Elementary both years she was employed by the School District.

5. The Principal of Beulah Heights Elementary when Ms. Acosta worked there was Jonathan Dehn.

6. Lisa Horton completed Ms. Acosta's performance evaluations both years that she (Acosta) worked at Beulah Heights Elementary.

7. Ms. Acosta's supervisor at Beulah Heights Elementary was Jonathan Dehn.

8. The Pueblo Education Association ("PEA") and the School District's Board of Education ("Board") are parties to a Collective Bargaining Agreement ("CBA").

9.     Ms. Acosta was a third-party beneficiary of the Collective Bargaining Agreement between Pueblo School District No. 60 and the Pueblo Education Association and she may enforce its provisions.

## INSTRUCTION NO. 3
### BURDEN OF PROOF

This is a civil, rather than criminal, case and therefore Ms. Acosta has the burden of proving her claims by what is called a preponderance of the evidence. "By a preponderance of the evidence" means that no matter who produces the evidence, when you consider the claims of Ms. Acosta in light of all the facts, you believe that Ms. Acosta's claims are more likely true than not true. To put it differently, if you were to put all of the evidence in favor of Ms. Acosta and all of the evidence in favor of the School District and Mr. Dehn on opposite sides of the scale, Ms. Acosta would have to make the scale tip to her side. If Ms. Acosta fails to meet this burden, your verdict must be for the School District and Mr. Dehn.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

In evaluating whether Ms. Acosta has met her burden on her claims, you should also know that the law does not require parties to call as witnesses all persons who may have been involved in the case or who may appear to have some knowledge of the issues brought up in this trial. Nor does the law require parties to present as exhibits all papers or other things mentioned in the evidence in the case.

5

## INSTRUCTION NO. 4
### EVIDENCE – GENERAL

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, guesses, or anything else that you may have seen or heard outside of court influence your decision in any way. You, and you alone, are the judges of the facts.

You have heard the evidence and will decide what the facts are, and then apply those facts to the law I give you. That is how you will reach your verdict. You will decide what the facts are from the evidence that the parties presented to you during the trial. That evidence includes the sworn testimony of witnesses on both direct and cross-examination, documents and other things received into evidence as exhibits, and any facts on which the lawyers agrees or which I instruct you to accept as true.

The following things are not evidence and you must not consider them as evidence in deciding the facts of this case:

1.     The fact that Ms. Acosta filed this lawsuit is not evidence that the School District or Mr. Dehn violated the law. Similarly, the fact that the School District and Mr. Dehn deny Ms. Acosta's allegations is not evidence that they did not violate the law. Both the complaint and the denial are merely the formal way in which the case is brought to court for you to decide.

2.     Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

3.    Questions and objections by the lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

4.    The lawyers may have highlighted parts of some exhibits. While the exhibit is evidence, the highlights are not. It is for you to determine the significance of the highlighted parts.

5.    Testimony that I did not allow or that I instructed you to disregard is not evidence and must not be considered by you.

6.    Anything you saw or heard when the Court is not in session is not evidence, even if what you saw or heard was done or said by one of the parties or by one of the witnesses.

During the trial, I may have not let you hear the answers to some of the questions that lawyers ask. I may have also ruled that you cannot see some of the exhibits that the lawyers want you to see. And sometimes I may order you to ignore things that you saw or heard. I may have "striken" things from the record, which means you cannot consider that piece of evidence. Do not even think about it. Do not guess what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

## INSTRUCTION NO. 5

## EVIDENCE – DIRECT AND CIRCUMSTANTIAL – INFERENCES

Generally speaking, there are two types of evidence.  One is direct evidence, and the other is circumstantial evidence.

Direct evidence is evidence that proves a fact directly.  For example, where a witness testifies to what he or she saw, heard, or observed, that is direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts.  To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside.  Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But the combined facts about the umbrella and the raincoat make it reasonable for you to "infer" that it had begun raining.

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.  "Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude you should.

8

## INSTRUCTION NO. 6

## CREDIBILITY OF WITNESSES

In deciding the facts of this case, you will have to decide which witnesses to believe and which witnesses not to believe. You are the only judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. You should think about the testimony of each witness you heard and decide whether you believe all or part of what each witness had to say and how important that testimony is. In making that decision, I suggest that you ask yourself a few questions: Did the witness seem to be honest? Did the witness have any reason not to tell the truth? Did the witness have a personal interest in the outcome of this case? Did the witness have any relationship with either Plaintiff or the defense? Did the witness have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

Furthermore, is there evidence that the witness said or did something in the past or failed to say or do something in the past that was different from their testimony given at the trial? When weighing the conflicting testimony, you should consider whether the conflict has to do with a significant fact or with an unimportant detail. And you should keep in mind that an innocent failure to remember is not uncommon. People may forget some things or remember other things inaccurately.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness is shown to knowingly have testified falsely about any material matter, you have a right to distrust such witness's testimony and you may reject all the testimony of that

witness or give it such credibility as you may think it deserves.   An act or omission is "knowingly" done if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

If you believe that any witness has been discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

## INSTRUCTION NO. 7

## EXPERT WITNESSES

Witnesses are generally limited to testifying about what they saw, heard, felt, or other matters relating to the five senses.  There is an exception to this rule for "expert witnesses."  An expert witness is a person who by education and experience has become an expert in some art, science, profession, or calling.  Expert witnesses state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

### INSTRUCTION NO. 8

### NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

## INSTRUCTION NO. 9

## FIRST AMENDMENT RETALIATION – ELEMENTS

The First Amendment to the United States Constitution gives persons a right to freedom of speech.  Government employees have a limited right to engage in free speech on matters of public importance, and government employers must not retaliate against their employees for exercising this right.  In this case, Ms. Acosta claims that Mr. Dehn retaliated against Ms. Acosta for her strike-related activities by recommending that her employment contract not be renewed.

It is my duty to instruct you on whether Ms. Acosta engaged in activity that was protected by the First Amendment.  In this case, I instruct you that Ms. Acosta's strike-related activities of public picketing, demonstrating, and associating with her teachers' union were protected by the First Amendment.

In order for Ms. Acosta to satisfy her burden for her claim against Mr. Dehn, Ms. Acosta must prove each of the following by a preponderance of the evidence:

First: Mr. Dehn took an adverse employment action against Ms. Acosta; and

Second: Ms. Acosta's protected activity was a motivating factor in Mr. Dehn's decision.

The parties have stipulated that Mr. Dehn's recommendation to not renew Ms. Acosta's contract was "adverse."  You must accept that fact as proved.

In showing that Ms. Acosta's protected activity was a motivating factor for Mr. Dehn's action, Ms. Acosta is not required to prove that her protected activity was the sole motivation or even the primary motivation for Mr. Dehn's decision.  Ms. Acosta need only prove that her protected activity played a motivating part in Mr. Dehn's decision even though other factors may have also motivated Mr. Dehn.

13

However, Mr. Dehn argues that he would have made the same decision to recommend that Ms. Acosta's contract not be renewed whether or not Ms. Acosta had engaged in the protected activity. If you find that Ms. Acosta has satisfied her burden above, then the burden shifts to Mr. Dehn to prove by a preponderance of the evidence that he would have treated Ms. Acosta the same even in the absence of Ms. Acosta's protected activity. If Mr. Dehn satisfies his burden, then your verdict must be for Mr. Dehn on this claim. On the other hand, if Mr. Dehn does not satisfy his burden, then your verdict must be for Ms. Acosta on this claim.

**INSTRUCTION NO. 10**

**FIRST AMENDMENT RETALIATION – DAMAGES**

If you find in favor of Ms. Acosta, then you must award her such sum as you find from the preponderance of the evidence will fairly and justly compensate her for any damages you find she sustained as a direct result of Mr. Dehn's conduct.  You should consider the following elements of damages:

Compensatory damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.  Ms. Acosta has the burden of proving compensatory damages by a preponderance of the evidence.

Ms. Acosta claims the following items of damages:

1. The mental and emotional suffering Ms. Acosta has experienced, including mental anguish and emotional harm; and

2. The wages and employment benefits Ms. Acosta would have received from the School District, had Ms. Acosta's contract been renewed, from the time that Ms. Acosta was nonrenewed until August 2019, minus the amounts Plaintiff has earned from other employment during this period.

## INSTRUCTION NO. 11

## FIRST AMENDMENT RETALIATION – NOMINAL DAMAGES

If you find in favor of Ms. Acosta on her First Amendment Retaliation claim against Mr. Dehn but you find that Ms. Acosta's damages have no monetary value, then you must return a verdict for Ms. Acosta in the nominal amount of one dollar.

16

**INSTRUCTION NO. 12**

**FIRST AMENDMENT RETALIATION – NON-ECONOMIC DAMAGES**

Where mental or emotional distress is proven, the Court cannot give you any rule by which to measure the specific amount of damages resulting from such an injury.  This is a matter that is left to the conscience, good sense, and sound judgment of the jury.  You should not act unreasonably through bias, passion, or sympathy, but should exercise common sense and fix an amount of damages that, in accordance with the evidence and the law, will fairly compensate Ms. Acosta for all the injuries, if any, that she suffered.

## INSTRUCTION NO. 13

## BREACH OF CONTRACT – DEFINED

A breach of contract is the failure to perform a contractual promise when performance is due.

## INSTRUCTION NO. 14

## BREACH OF CONTRACT – ELEMENTS

For Ms. Acosta to recover from the School District on her second claim for breach of contract, you must find that Ms. Acosta has proved both of the following elements by a preponderance of the evidence:

1.     Defendant Pueblo School District No. 60 entered into a contract with Pueblo Education Association to prohibit and refrain from engaging in retaliation against any School District employee for his or her support for or involvement in the May 7, 2018 teachers' strike; and

2.     Defendant Pueblo School District No. 60 failed to follow this provision when its Board of Education voted to not renew Ms. Acosta's probationary teacher's contract.

If you find that either or both of these elements have not been proven by a preponderance of the evidence, then your verdict must be for the School District.

On the other hand, if you find that both of these elements have been proven by a preponderance of the evidence, then your verdict must be for Ms. Acosta.

19

## INSTRUCTION NO. 15

## BREACH OF CONTRACT – THIRD-PARTY BENEFICIARY

Ms. Acosta, as a beneficiary of the Collective Bargaining Agreement, may enforce the agreement between Defendant Pueblo School District No. 60 and Pueblo Education Association, even if Ms. Acosta was not named in the contract. Ms. Acosta is a third-party beneficiary of the contract when the parties to the agreement intend that Ms. Acosta directly benefit from the contract.

The parties have agreed that Ms. Acosta was a third-party beneficiary of the Collective Bargaining Agreement between Pueblo School District No. 60 and the Pueblo Education Association and that she may enforce its provisions. You must accept this fact as true.

20

## INSTRUCTION NO. 16

## BREACH OF CONTRACT – DAMAGES

If you find in favor of Ms. Acosta on her claim for breach of contract, then you must award general or nominal damages.

To award general damages, you must find by a preponderance of the evidence that Ms. Acosta had damages as a result of the breach, and you must determine the amount of those damages.

"General damages" means the amount required to compensate Ms. Acosta for losses that are the natural and probable consequence of the School District's breach of the contract.

Losses that are a "natural" result of a breach are those losses that an ordinary person of common experience would expect to follow from a breach.

Losses are "probable" if the losses were reasonably foreseeable when the contract was made and would likely occur if the contract were breached.

If general damages have been proved, you shall award Ms. Acosta damages for the reasonable value of any of wages and employment benefits Ms. Acosta would have received from the School District had Ms. Acosta's contract not been non-renewed from the time that her contract was non-renewed until August 2019. You should deduct from this sum whatever wages and employment benefits Ms. Acosta earned from other employment or could have earned with reasonable mitigation effects during this period.

If you find in favor of Ms. Acosta, but do not find any general damages, you shall award Ms. Acosta nominal damages in the sum of one dollar.

## INSTRUCTION NO. 17

## MITIGATION OF DAMAGES

If you find that Ms. Acosta has had damages, then you must consider whether the School District and Mr. Dehn have proved their affirmative defense of Ms. Acosta's failure to mitigate or minimize damages. Ms. Acosta has a duty under the law to take reasonable steps under the circumstances to mitigate or minimize her damages. Damages, if any, caused by Ms. Acosta's failure to take such reasonable steps cannot be awarded to Ms. Acosta.

This affirmative defense is proved if you find the following two elements have been proven by a preponderance of the evidence:

1.     There were substantially comparable positions which Ms. Acosta could have discovered and for which she was qualified; and

2.     Ms. Acosta failed to use reasonable diligence to find suitable employment. "Reasonable diligence" does not require that Ms. Acosta be successful in obtaining employment, but only that she make a good faith effort at seeking employment.

**INSTRUCTION NO. 18**

**PROHIBITION AGAINST DUPLICATIVE RECOVERY**

You must not award damages more than once for the same injury.  For example, if Ms. Acosta prevails on both her claims and establishes a dollar amount for her lost wages, employment benefits, and/or other monetary damages, you must not award her duplicative damages for the same injury on her First Amendment retaliation claim and breach of contract claim.  Ms. Acosta is only entitled to be made whole once and may not recover more than she has lost.

As Ms. Acosta is not seeking emotional distress damages for her breach of contract claim against the School District and only seeks them against Mr. Dehn for her First Amendment Retaliation claim, there is no danger of duplicating Ms. Acosta's emotional damages.

## INSTRUCTION NO. 19

## UNCERTAINTY AS TO DAMAGES

Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount.  You should use your best judgment based on the evidence.

**INSTRUCTION NO. 20**

**JURY – PROCEDURES**

In a moment, you will be taken to the jury room so you can begin your discussions on the verdict. You will have a copy of the instructions and verdict form, and any exhibits I allowed will also be in the jury room for you to review. The original exhibits are a part of the court record. Do not place any marks or notes on them. Your copy of the instructions may be marked or used in any way you see fit.

When you go to the jury room, you must choose one of you to serve as your Foreperson. He or she will direct your discussions and speak for you here in court. You will then talk about the case with your fellow jurors to try to reach an agreement. Your verdict must be unanimous, meaning you must all completely agree.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it with the other jurors, and listened to their views. I offer some suggestions on how you might do this in the next jury instruction, entitled "Jury Deliberations."

One thing you should do in your discussions is to follow these jury instructions and the verdict form. Not only will you be more productive if you understand the legal standards, but for a verdict to be valid, you must follow the instructions during your discussions. Remember, you are judges of the facts, but you have to obey your oath to follow the law stated in these instructions. Your talks will be secret. You will never have to explain your verdict to anyone.

## INSTRUCTION NO. 21

## JURY DELIBERATIONS

Once you have elected your Foreperson as directed by the previous instruction, you can move forward as you agree you should.  I am not telling you how to proceed, but I offer the following suggestions that other juries have found helpful.  They should help you move forward in an orderly way with each juror fully taking part so that you can arrive at a verdict that is satisfactory to each of you.

First, it is the responsibility of the Foreperson to encourage good communication and participation by all jurors and to maintain fairness and order.  Your Foreperson should be able to make your discussions useful even when jurors cannot agree.

Second, the Foreperson should let each of you speak and be heard before stating his or her own views.

Third, the Foreperson should not try to promote or permit anyone else to promote his or her personal opinions by pressuring, intimidating, or bullying others.

Fourth, the Foreperson should make certain that discussions are not rushed to reach a conclusion.

If the Foreperson you select does not meet these standards, he or she should voluntarily step down or should be replaced by a majority vote.

After you select a Foreperson, you should think about choosing a secretary to tally the votes, help keep track of who has or hasn't spoken on each issue, to make sure everyone is there during the discussions, and to otherwise help the Foreperson.

Some juries are tempted to start by holding a preliminary vote on the case to "see where we stand."  It is better, however, not to vote until a full discussion is had on the issue, otherwise

you might lock yourself into a certain view before thinking about the other and possibly more reasonable interpretations of the evidence. Experience has also shown that such early votes often cause disruptive, inefficient debate and ineffective decision-making.

Instead, I suggest the Foreperson begin your discussions by getting you to create informal rules for how you will proceed. These rules should assure that you will focus on, analyze, and evaluate the evidence fairly and efficiently and that each of your views is heard and considered before any decisions are made. No one should be ignored. You may agree to discuss the case in the order of the questions presented in the special verdict form or in chronological order or based on the testimony of each witness. Whatever order you select, however, it is advisable to be consistent and not jump from one topic to another.

To move the process along in the event you reach a controversial issue, it is wise to pass it temporarily and move on to less controversial ones and then come back to it. You should then continue through each issue in the order you have agreed upon unless a majority of you agrees to change the order.

It is helpful for votes to be taken by secret ballot, as it helps you to focus on the issues and not be overly influenced by others. Each of you should also consider any disagreement you have with another juror or jurors as an opportunity to improve your decision. You should treat each other with respect. Any differences in your views should be discussed calmly and, if a break is needed for that purpose, it should be taken. As I mentioned at the beginning of this trial, each of you is responsible for making sure that no juror bases a decision on matters that are not evidence.

Each of you should listen attentively and openly to one another before making any judgment. This is sometimes called "active listening" and it means that you should not listen with

only one ear while thinking about a response.  Only after you have heard and understood what the other person is saying should you think about a response.

Obviously, this means that, unlike TV talk shows, you should try very hard not to interrupt. If one of you is going on and on, it is the Foreperson who should suggest that the point has been made and it is time to hear from someone else.

You each have a right to your own opinion, but you should be open to others.  When you focus your attention and best listening skills, others will feel respected and, even while they may disagree, they will respect you.  It helps if you are open to the possibility that you might be wrong or at least that you might change your mind about some issues after listening to other views.

Not understanding each other can hurt your efforts.  Ask for clarification if you do not understand or if you think others are not talking about the same thing.  From time to time the Foreperson should set out the items on which you agree and those on which you have not yet agreed.  In the rare case that a juror is not following the Court's instructions or complying with the juror's oath, the Foreperson should alert the Court by sending a note as explained in Instruction No. 22.

Even with all your efforts, it is still possible that there may be serious disagreements.  If that happens, realize and accept that "getting stuck" is often part of the decision-making process. It is easy to fall into the trap of believing that there is something wrong with someone who is not ready to move on.  Thinking that way is not helpful. It can lead to focusing on personalities rather than the issues.  It is best to be patient with one another.  At such times, slower is usually faster. There is a tendency to set deadlines and try to force decisions.  Taking a break or more time, however, often helps shorten the overall process.

28

Every once in a while, it is a good idea for you all to express your mutual respect for each other and to repeat your commitment to work through any differences. Then, you will most likely decide a verdict that leaves each of you satisfied that you achieved justice.

## INSTRUCTION NO. 22

## COMMUNICATIONS WITH THE JUDGE

If it becomes necessary during your discussions to communicate with me, you may send a folded note through the Court Security Officer, signed by one of you.  Do not reveal the content of your note to the Court Security Officer.  No member of the jury should try to communicate with me except by signed writing, and I will only communicate with any member of the jury on anything concerning the case in writing or orally here in open court.  You should never reveal to me, the Court Security Officer, or anyone else not on the jury where you stand or what your vote might be until after you have reached your verdict or I have released you from jury duty.  If you send a note to me with a question or request for further direction, please think about how a response takes a lot of time and effort.  Before giving an answer or direction I must first tell the attorneys and bring them back to the courthouse.  I must discuss the note with them, listen to arguments, research the law, if necessary, and reduce the answer or direction to writing.

There may be some question that, under the law, I am not permitted to answer.  If I cannot answer the question, I will tell you that.  Please do not guess about what the answer to your question might be or why I am not able to answer a particular question.

In some instances, jurors request that certain testimony be read to them.  This cannot be done as it is inappropriate for the court to single out testimony.  You must rely on your own memory.

**INSTRUCTION NO. 23**

**UNANIMOUS AGREEMENT AND JURY VERDICT FORM**

To help you, we have given you each copies of a document called a Jury Verdict Form. After you reach a verdict, the Foreperson will mark the answers agreed to by each and every juror in the spaces on the Original Jury Verdict Form.  You must reach unanimous agreement on each question you answer on the Form.

Once you have completed the Original Jury Verdict Form, the Foreperson should date the Form, sign it, and then the rest of you should sign it.  When you are done, the Foreperson should alert the Court Security Officer who is outside the jury room by note that you have reached a verdict, but do not tell the Court Security Officer what your verdict is.  The Court Security Officer will then inform me that you have reached a verdict.